## LEE LINE STEAMERS v. ROBINSON.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1916.)

No. 2825.

1. **COURTS** ⊕⇒329—JURISDICTION OF FEDERAL COURTS—JURISDICTIONAL ALLEGATIONS.

It is not absolutely necessary that a bill in equity in a federal court should contain an allegation that the amount in controversy exceeds $3,000, where that fact appears from other allegations.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. ⊕⇒329.]

2. **COURTS** ⊕⇒264(1)—JURISDICTION OF FEDERAL COURTS.

A suit in a federal court for cancellation of instruments purporting to transfer a judgment at law, rendered by such court in favor of complainant, is ancillary in character, and the court has jurisdiction, regardless of the amount in controversy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. ⊕⇒264(1).]

3. **COURTS** ⊕⇒328(1)—JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY.

An interest in a judgment to which plaintiff's counsel is entitled as a fee is neither interest nor costs, but a part of the judgment, for the purpose of determining the amount in controversy to give a federal court jurisdiction of a suit to determine the validity of an assignment thereof by plaintiff.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 890; Dec. Dig. ⊕⇒328(1).]

4. **JUDGMENT** ⊕⇒842—VALIDITY OF ASSIGNMENT—FRAUD.

Complainant, who was an ignorant and dissipated colored man, recovered a judgment for $5,000 against defendant for severe personal injuries. Pending proceedings in error in the appellate court, defendant, without knowledge of his counsel, obtained from complainant an assignment of the judgment for $125, with a provision that in case of affirmance he should receive an additional $25, which was paid after affirmance and another assignment taken. *Held*, that such facts, found by the trial court on testimony taken in open court, which also made it doubtful whether complainant knew the nature of the papers he signed, were sufficient to support a decree setting aside the assignments for fraud.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1538; Dec. Dig. ⊕⇒842.]

5. **JUDGMENT** ⊕⇒842—SETTING ASIDE—PLEADING—OFFER TO RETURN CONSIDERATION.

In such suit, that complainant did not tender back the money received did not defeat the right of recovery, where the decree provided for its return.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1538; Dec. Dig. ⊕⇒842.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Suit in equity by Will Robinson against the Lee Line Steamers. Decree for complainant, and defendant appeals. Affirmed.

See, also, 218 Fed. 559, 134 C. C. A. 287.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stephens, Lincoln & Stephens, of Cincinnati, Ohio (C. H. Stephens, Sr., of Cincinnati, Ohio, of counsel), for appellant.

W. D. Gilbert, of Memphis, Tenn., for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

WARRINGTON, Circuit Judge. This was a suit to set aside two written instruments purporting to transfer to S. R. Lee all right and interest of Robinson, plaintiff below, in a judgment previously recovered by him against the Lee Line Steamers, defendant below. The bill alleges diversity of citizenship, that plaintiff had not signed either of the instruments or received any money or other consideration for either, and that defendant had procured the instruments through fraudulent acts and practices of some of its agents, including the transferee. The answer specifically denies such acts and practices, and in great detail of alleged facts and circumstances states defendant's version of the negotiations leading up to and including the execution of the instruments. Decree was entered for plaintiff, adjudging in substance as follows: Plaintiff had signed the instruments; they had been received by S. R. Lee as agent for defendant; they had been fraudulently obtained and were null and void; and, the amount of the judgment having been paid to the clerk, it was ordered that, after deducting the sums, with interest, which appear in the instruments, respectively, to have been received by plaintiff, the clerk pay the money remaining in his hands to the plaintiff.

[1] The answer also alleges that the bill does not show upon its face that the court has jurisdiction. True, the sum or value of the matter in dispute is not formally alleged; but it was not absolutely necessary that it should be. The amount could be otherwise shown. United States v. Freight Association, 166 U. S. 290, 310, 17 Sup. Ct. 540, 41 L. Ed. 1007; Robinson v. Suburban Brick Co., 127 Fed. 804, 806, 62 C. C. A. 484, and citations (C. C. A. 4th Cir.).

[2, 3] The bill states the amount of the judgment to be $5,000. The object of the suit is to have conflicting claims and interests determined in respect of the judgment recovered in the action at law, and so is ancillary in character. Lumley v. Wabash R. Co., 76 Fed. 66, 69, 22 C. C. A. 60 (C. C. A. 6th Cir.). The answer alleges, in the first place, that the instruments in issue purport to transfer to Lee only the interest of plaintiff in the judgment, and that this interest is less than $3,000, and, in the next place, that the instruments were received by defendant with knowledge that plaintiff's attorney would in the event of recovery be entitled to a claim and lien thereon for 50 per cent. of the amount as fees, and thus that the matter in controversy is, exclusive of interest and costs, less than the sum of $3,000. So far as the defense of jurisdiction is concerned, the burden of proving these allegations touching the value of plaintiff's interest in the judgment was on the defendant, and it failed to discharge the burden; on the contrary, the balance of the judgment, which in distinct terms was ordered to be paid to the plaintiff, as before pointed out, is largely in excess of $3,000. Independently of this, the compensation of coun-

sel is neither interest nor costs, and for jurisdictional purposes is to be treated as part of the matter in controversy. Springstead v. Crawfordsville State Bank, 231 U. S. 541, 542, 34 Sup. Ct. 195, 58 L. Ed. 354.

[4] Upon the merits of the controversy, it is insisted that this court shall reverse the conclusions of the District Judge which resulted in the decree. The general rule undoubtedly is, as counsel strenuously urge, that a court of equity cannot set aside a written instrument for fraud, upon a bare preponderance of testimony which leaves the issue in doubt, but that this must be done, if at all, upon evidence that is clear, unequivocal, and convincing. As the contention of counsel appears to us, however, they rely on decisions announcing the rule rather than upon the particular facts to which the rule was applied. Upon their facts we regard those cases as distinguishable from the present case. The question of ultimate control here is whether, in view of all the facts and circumstances of the instant case, it can be said that the rule mentioned was not in effect observed and followed by the learned trial judge.

We have seen that the judgment is for $5,000. The recovery was for serious personal injuries suffered by plaintiff while a passenger on one of the defendant's steamboats. Lee Line Steamers v. Robinson, 218 Fed. 559, 134 C. C. A. 287. According to the first of the two contested instruments and the proofs, while the original case was pending on error in this court, the defendant, through one of its agents, secured from the plaintiff a formal transfer of his "right, title, claim, and interest" in the judgment, for the sum of $125 in cash. The instrument contains a further provision that in the event of affirmance the plaintiff was to receive an additional sum of $25, but in case of reversal the first-named sum was to be "in full settlement and satisfaction of any and all claims," and the defendant was in terms "discharged from all other or further liability or obligation" to plaintiff "in said suit because of said injuries." In short, affirmance of the judgment was to entitle plaintiff in all to $150, and reversal was to disentitle him to anything more than the $125 for his cause of action—regardless of the grounds of reversal. The second instrument, after reciting that Robinson had "assigned to S. R. Lee the judgment," also the substance of the first instrument, and the fact that the judgment had "within the last few days" been affirmed, acknowledges receipt of the additional sum of $25 "in full payment of all claims * * * and in full settlement of all rights" plaintiff has in the judgment.

Plaintiff's counsel knew nothing of these instruments, or of the transactions they set forth, until after affirmance of the judgment; and no reason is shown why counsel might not have been seasonably advised. Admittedly the mandate was received in the court below about December 21, 1914, the instruments were filed the 22d of that month, and the bill was filed on the 1st of January following. The plaintiff's mental and physical condition alike should have been a warning to defendant not to conclude such an arrangement as the instruments in issue disclose without first consulting plaintiff's counsel. In the course of his opinion in this suit, Judge McCall said:

"So I think this is peculiarly a case where a court of equity ought to interpose. Here men are dealing with each other who occupy such different relation—one, as I said a moment ago, thick-headed, a dullard, without knowledge of his rights, and at the time he may have signed this paper was reduced almost to a skeleton by wounds inflicted upon him by the defendant; on the other hand, there were the defendant and its representatives, Mr. Lee and Mr. Neely, all of them men of affairs, men who count in the consideration of matters of importance, knowing, as they must have known, if this suit was affirmed, they got the judgment, and, if it was reversed, the suit was dismissed and settled. I have never seen anything just like it in all my experience at the bar or on the bench, and I am forced to the conclusion that this man has been overreached, and that he ought to have the relief he prays for."

All the witnesses delivered their testimony in the presence of the District Judge. We have frequently had occasion to allude to the advantage that the trial judge has in such circumstances. The demeanor of the witnesses, testifying upon such issues as are here involved, is of manifest importance. It is true that the record alone of the testimony appears to discredit the plaintiff in some particulars; and still it is to be gathered from that source that the plaintiff is illiterate and was dissipated, was physically broken down, and otherwise unfit to protect such interests as he had here. We are not impressed by the testimony that the papers were read to plaintiff and that he assented to them before signing; for we cannot think that he had capacity fully or fairly to comprehend the papers. Furthermore, his poverty and dependence, his apparent lack of a sense of responsibility, and his intemperate habits, all combined to render him an easy victim to the temptation of money—even the comparatively small sums he received. The pertinency here of still another portion of the opinion cannot fail of appreciation:

"I doubt if any disinterested man can hear this evidence as I have heard it here this morning, and become apprised of the facts that have come to the attention of the court in this case, who is not forced to the conclusion that this colored man should not be deprived of what the courts have said he was entitled to from this defendant, at the hands of the defendant itself. I think I know human nature well enough to know in what the defendants were interested, and when they made that deal with Robinson, if the deal was ever made, they pursued the course men pursue who are trying to drive a sharp bargain and get all out of it possible. They knew the circumstances of the man with whom they were dealing; they knew his weakness—his physical condition as well as his mental condition."

We recognize the rule that mere inadequacy of consideration is not alone sufficient; but when we add to this the great disparity in capacity and in condition between the plaintiff and those who took part in behalf of the defendant in bringing about the transfers, also the defendant's acceptance of the obvious advantages of the transactions without first arranging for plaintiff to have the advice of his counsel, we are convinced that the conclusion reached below should be sustained.

[5] It is urged that the case should fail for the reason that there has been no tender made of the $150; but, in view of the peculiar circumstances of this case, we think the provision made in the decree to return the money, as before pointed out, is a sufficient answer to this

contention. Georgia Home Ins. Co. v. Rosenfield, 95 Fed. 358, 363, 37 C. C. A. 96 (C. C. A. 6th, Cir.). Upon examination, also, of the other assignments, we do not find reversible error.

The decree is affirmed, with costs.