Sidney SARNER, Leonard Sarner, Maurice Sarner, and Linwood Park, Inc., Sections 1 to 13 inclusive, each a corporation of New Jersey, Plaintiffs,

v.

Norman P. MASON, Commissioner of the Federal Housing Administration, and Albert M. Cole, Housing and Home Finance Administrator, and Federal Housing Administration, Defendants.

Civ. No. 732–54.

United States District Court,
D. New Jersey.

Feb. 15, 1955.

Van Riper & Belmont, Walter D. Van Riper, Newark, N. J., George I. Marcus, Hackensack, N. J., for plaintiffs.

Asst. Atty. Gen., Warren E. Burger, Edward H. Hickey and Carl Eardley, Dept. of Justice, Washington, D. C., Raymond Del Tufo, Jr., U. S. Atty., and Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for defendants.

MEANEY, District Judge.

The plaintiffs, Sidney Sarner, Leonard Sarner and Maurice Sarner, are the owners and holders of all of the common stock of the 13 plaintiff corporations identified as Linwood Park, Inc., Sections 1 to 13 inclusive. The Commissioner of the Federal Housing Administration in accordance with the provisions of the National Housing Act, 12 U.S. C.A. §§ 1738 and 1743, and the regulations promulgated under that act, purchased 100 shares of preferred stock at $1.00 per share in each of the 13 plaintiff corporations. Under the act and the regulations issued in conformity thereto these preferred shares gave the Commissioner majority voting rights in the event of certain defaults under the mortgage, or violations of provisions of the charter of the mortgagor, or violation of any valid agreement entered into between the mortgagor, the mortgagee and/or the Commissioner.

On August 28, 1954 the defendant, Norman P. Mason, Commissioner of the Federal Housing Administration, mailed to each of the 13 corporations a registered letter notifying them of a proposed meeting of the preferred stockholders for the purpose of electing new boards of directors, and on the same date issued a statement to the effect that he was calling such a meeting. The basis for such action on his part was alleged violations of the National Housing Act, 12 U.S.C.A. § 1701 et seq., the regulations applicable thereto and the charter provisions of the 13 corporations. The violations allegedly consisted of redemption of capital stock of the plaintiff corporations, the lending by them of large sums of money, charges of extra fees against tenants without Federal Housing Administration approval and refusal to

answer a questionnaire concerning their finances and operations.

At this point the plaintiffs instituted an action in the Chancery Division of the Superior Court of New Jersey to enjoin the defendants from holding the meeting of preferred stockholders referred to. This cause was removed to the United States District Court for the District of New Jersey, and subsequently motion was made by the plaintiffs to remand the case to the New Jersey Superior Court. The grounds asserted for removal to this court from the New Jersey state court were as follows:

The action in question is a civil action of which the United States District Court has original jurisdiction under provisions of Title 28 U.S.C.A. §§ 1331 and 1332, and is one removable to this court under provisions of Title 28 U.S. C.A. §§ 1441 and 1442. In their motion to remand, the plaintiffs deny jurisdiction of this court, question the statutory amount in controversy, allege that there is no diversity of citizenship, and insist that there may be no removal from state to federal court by virtue of the provisions of Title 12 U.S.C.A. § 1702, authorizing the Commissioner of the Federal Housing Administration to sue and be sued in any court of competent jurisdiction, state or federal.

■■ It may be well to take up at the outset the effect of the provisions of Title 12 U.S.C.A. § 1702. The plaintiffs were enabled to bring suit against the defendants by virtue of this section of the National Housing Act. Sovereign immunity on the part of the federal instrumentality involved was specifically waived by Congressional action, and there was authorization to sue or be sued in any court of competent jurisdiction, state or federal. The contention of the plaintiffs is that this authorization permits the individual or individuals suing the Federal Housing Commissioner to select the forum for the institution of the suit and to pursue it to its conclusion in that forum. Citing the pronouncement of Justice Douglas in the case of Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488, 490, 84 L.Ed. 724, wherein he said, "Clearly the words 'sue and be sued' in their normal connotation embrace all civil process incident to the commencement or continuance of legal proceedings", the plaintiffs infer as a necessary consequence that the right to sue in the state courts carries with it the right to prosecute the suit in the same court. That this is one construction of the language used is evident. But in determining the import of the words used by Justice Douglas we may not remove them from their context. In the Burr case, just cited, final judgment had been obtained in the state court and the question that arose was whether the Federal Housing Administration was subject to garnishment. The court decided that garnishment was a process provided for the collection of debts, after judgment, and as such an incident to the continuance of legal proceedings. It does not directly or by necessary inference relate to the question of the right of removal of a cause from a state to a federal court, nor does it directly or by necessary inference deprive the governmental agency of the right granted litigants in 28 U.S. C.A. § 1442. Nor does the further finding of the learned Justice that Congressional waivers of governmental immunity in the case of federal instrumentalities should be liberally construed indicate that such liberal construction should subject the instrumentality to restrictions not specifically set forth and which do not apply to other agencies or individuals in like situations. Certainly nothing in the Burr case can be considered specifically to render nugatory the rights, privileges and obligations arising under the various provisions of law affecting the removal of causes. Provided jurisdiction exists in the United States District Court, the mere fact that the state court also has jurisdiction granted by act of Congress does not deprive the parties of procedural rights such as the right to removal.

■ The question of jurisdiction is to be determined in the light of the well recognized rule that the jurisdiction of federal courts is conferred by Congress and is limited to the scope outlined in the acts of Congressional authorization, this of course with exception of the constitutional jurisdiction granted to the Supreme Court.

■ One element of jurisdiction of the district courts of the United States is the amount involved in the controversy with the accompanying requirement that the controversy arise under the constitution, laws or treaties of the United States. Another element is diversity of citizenship. 28 U.S.C.A. §§ 1331, 1332.

The plaintiffs challenge the jurisdiction of this court on the ground that the amount in controversy is less than $3,000 and that there is no substantial federal question involved. Implicit in this contention is the thought that the complaint does not show on its face these primary requirements. If this be so then the motion to remand must prevail. But perusal of the allegations of the complaint makes it evident that the corporations involved, while incorporated under the laws of New Jersey, had as their purpose construction and operation of housing projects under and pursuant to the provisions of 12 U.S.C.A. §§ 1738 and 1743 of the National Housing Act, which allegation is further borne out by the certificate of incorporation annexed to and made part of the complaint. As such they would be subject to the operation of the National Housing Act and the rules and regulations promulgated thereunder. Also attached to and made part of the complaint is a specification of the defaults alleged to have occurred and which were the basis of the action taken by the Commissioner of the Federal Housing Administration and which were sought to be enjoined by the plaintiffs. In their original complaint the plaintiffs assert that there were no defaults under the charter and the rules and regulations and again that these alleged defaults do not come within the scope of the definitions of default in the certificate of incorporation. It may be well to note that certain provisions of the certificate of incorporation are adopted bodily from the regulations issued in conformity with the National Housing Act, and it is violations of these very provisions which are charged in the enumeration of defaults set forth in the notice given by the Commissioner of the Federal Housing Administration. It would seem therefore that the question is whether or not the acts alleged as defaults require an interpretation of the regulations of the Federal Housing Administration. The mere fact that these regulations were incorporated into the certificate of incorporation does not substitute an interpretation of the provisions of the certificate of incorporation for construction of the controlling regulations, such as would deprive this court of jurisdiction. It seems evident that consideration of the motion sub judice involves a question of whether or not the regulations apply to the factual situations set forth in the Commissioner's notices and letters, and if so, to what extent. There would seem therefore to be a substantial federal question involved in the instant action.

■ As for the jurisdictional amount, no specific sum is referred to in the complaint. The plaintiffs contend that the contemplated action of the Commissioner would cause immediate, substantial and irreparable damage to them. In the face of such indefiniteness and ambiguity the court feels justified in reference to the full record before it, particularly the petition for removal, Langdon v. Hillside Coal & Iron Co., C.C., 41 F. 609, and by analogy, Harvey v. American Coal Co., 7 Cir., 50 F.2d 832, and Lee Line Steamers v. Robinson, 6 Cir., 232 F. 417. From examination of the affidavits annexed to the petition for removal it would certainly seem that amounts far in excess of the minimum jurisdictional amount are involved.

■■ As for diversity of citizenship, it would appear uncontroverted that the individual defendants reside in and have

their principal office in the District of Columbia and that the Federal Housing Administration has its principal office in the District of Columbia. The individual plaintiffs are residents of New Jersey, and the plaintiff corporations are incorporated in New Jersey. This would indicate the requisite diversity of citizenship. But at the same time the authorization to sue and be sued, above referred to, would seem to carry with it the right to serve the Federal Housing Administration in any jurisdiction in which it is doing business, by virtue of the fact that it has been "launched * * * into the commercial world" and "is not less amenable to judicial process than a private enterprise under like circumstances would be." Federal Housing Administration v. Burr, supra.

■ There remains one other important aspect of the removal proceeding. It has to do with the provisions of 28 U.S. C.A. § 1442, which provides

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

In view of the finding already made that a federal question is involved in this action, it follows that the right of removal, granted the propriety of that finding, is definitely established.

This court, of course, will not decide the factual dispute at this posture. However, it should now appear that the United States government, through a duly constituted agency, is directly involved in this dispute. The impact of

housing on the national scene makes this case more than just a simple dispute between private stockholders for control of a corporation. The corporate charters are directly within the control of federal law and a federal agency will be adversely affected, assuming these defaults are actual and continuing.

The motion to remand is denied.