**JAMES RIVER APARTMENTS, Inc.**
**v.**
**FEDERAL HOUSING ADMINIS-**
**TRATION.**

Civ. No. 8415.

United States District Court
D. Maryland.

Dec. 2, 1955.

was incorporated under the laws of Maryland, and its purposes as set out in Article Third, paragraphs (a) and (d) of its Articles of Incorporation were to create a private corporation to provide housing, said corporation "To be regulated by the Federal Housing Commission [1] as to rents or sales, charges, capital structure, rate of return and methods of operation, all pursuant to the provisions of Title VIII of the National Housing Act, as amended" and to obtain from the Federal Housing Commissioner mortgage insurance "pursuant to the provisions of the National Housing Act as amended and applicable Administrative Rules and Regulations, covering * * * evidence of indebtedness * * *." The mortgage insurance was obtained, and, as provided for in the Articles of Incorporation and the Articles of Amendment, 100 shares of preferred stock having a par value of $1 a share were issued to the Federal Housing Administration in order that the Federal Housing Commissioner might regulate and restrict the plaintiff as set out in its charter. Such regulation included the right to inspect all books and records, and, upon default, to require a complete audit at the expense of the plaintiff corporation and to call a special meeting to remove existing directors and elect their successors. When the defendant notified the plaintiff of its intention to examine the plaintiff's books and implied that the failure to permit such an examination would constitute a default under the provisions of the Articles of Incorporation, the plaintiff immediately brought suit in the Circuit Court No. 2 of Baltimore City and asked that the defendant be required to post bond in the penal sum of $500,000 to insure the defendant's compliance with any decree handed down by said court.

Francis B. Burch, Baltimore, Md., for plaintiff.

George Cochran Doub, U. S. Atty., William F. Mosner, Asst. U. S. Atty., Baltimore, Md., Geo. S. Leonard, Acting Asst. Atty. Gen., Edw. H. Hickey, Attorney, Department of Justice, Washington, D. C., and Max L. Kane, Attorney, Department of Justice, Arlington, Va., for defendant.

R. DORSEY WATKINS, District Judge.

This action was originally brought in the Circuit Court No. 2 of Baltimore City for a declaratory judgment under the Maryland Code of Public General Laws, Article 31A, sections 1–16, that the Federal Housing Administration was not entitled to inspect the books and records of the plaintiff corporation or that, if a right to inspect existed, it was limited to determining whether or not the plaintiff had complied with the terms of its Articles of Incorporation and that any information so obtained could not be disclosed to others. The case was removed by the defendant to this court, and the plaintiff has filed a motion to remand.

The bill of complaint and exhibits annexed thereto show that the plaintiff

In its motion to remand the plaintiff alleges that (1) this court is without jurisdiction to adjudicate under the Maryland Declaratory Judgment Act; (2) the amount in controversy does not

1. Undoubtedly Administration was meant.

exceed $3,000 exclusive of interest and costs; (3) no removal bond was filed as required by Title 28 U.S.C. § 1446 (d); or (4) notice given thereof as required by Title 28 U.S.C. § 1446(e); and (5) an answer was not filed by the defendant within the time allowed by Rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ 1. The court's general authority to entertain suits for declaratory judgment is clearly provided for in Title 28 U.S.C. § 2201. In seeking a construction of certain provisions of its Articles of Incorporation, the plaintiff has raised a federal question. The bill of complaint and exhibits annexed thereto indicate that the plaintiff subjected itself to regulation by the Federal Housing Commissioner in accordance with the provisions of the National Housing Act, 12 U.S.C.A. § 1748(b), as well as all applicable administrative rules and regulations. A necessary adjunct to the right to regulate is the right to inspect. Inspection was provided for in the Articles of Incorporation. The plaintiff is seeking to have this right of inspection denied completely or limited "to the extent authorized by law and then only for the purposes of determining if the complainant has complied with the terms and conditions of said Articles of Incorporation." To adjudicate such a matter must of necessity require an interpretation of the National Housing Act and of administrative rules and regulations issued pursuant thereto as well as their application to the present factual situation. More is involved than just the construction of the Articles of Incorporation of a Maryland corporation.

■ 2. The amount in controversy is not the aggregate value of the 100 shares of preferred stock held by the Federal Housing Administration, or its par value of $100. It is rather the value of the property sought to be protected. (Hunt v. New York Cotton Exchange, 1907, 205 U.S. 322, 336, 27 S.Ct. 529, 51 L.Ed. 821; Bitterman v. Louisville & Nashville Railroad Co., 1907, 207 U.S. 205, 225, 28 S.Ct. 91, 52 L.Ed. 171). In Textron, Inc., v. American Woolen Co., D.C.D.Mass.1954, 122 F.Supp. 305, 308, the court, in considering the validity of proxies necessary to constitute a quorum, held the amount in controversy to be "the value of the plaintiff's share in the company, control, or partial control of which may depend upon the outcome of the election." Rights with respect to the control of property mortgaged for an amount in excess of $3,000,000 are involved. The right to inspect, and, upon default, to require an audit and to elect new directors are merely methods the defendant has chosen to protect this property right, the value of which can be measured in money and far exceeds $3,000, exclusive of interest and costs. The method of relief the plaintiff has chosen to avoid being found in default is a declaratory judgment. The plaintiff, now questioning the amount in controversy, indicated that it thought the amount to be well in excess of $3,000 when in the bill of complaint it alleged the defendant's actions would result in irreparable harm and requested a bond in the penal sum of $500,000 to insure the defendant's compliance with any decree of court.

This cause of action, arising under the laws of the United States and involving an amount in controversy in excess of $3,000 exclusive of interest and costs, is one over which this court has original jurisdiction under Title 28 U.S.C. § 1331. It is removable without regard to the citizenship or residence of the parties under Title 28 U.S.C. § 1441(a) and (b). This court also has original jurisdiction of any civil action in which the requirements of the jurisdictional amount and of diversity of citizenship are met (Title 28 U.S.C. Sec. 1332), and such an action is removable under Title 28 U.S.C. § 1441 if the defendant is not a citizen of the State in which the action is brought. The plaintiff is a Maryland corporation while the defendant is a federal agency created under the laws of Congress, with its principal office and the official residence of its Commissioner in

the District of Columbia. To treat the defendant for the purpose of determining diversity of citizenship as a federal corporation and a citizen of the District of Columbia would seem to be in line with the language of such cases as Keifer & Keifer v. Reconstruction Finance Corporation, 1939, 306 U.S. 381, 390, 391, 59 S.Ct. 516, 83 L.Ed. 784; Federal Housing Administration v. Burr, 1940, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724; Seven Oaks, Inc. v. Federal Housing Administration, 4 Cir., 1948, 171 F.2d 947, 949. A direct holding to this effect may be found in Sarner v. Mason, D.C.D.N.J. 1955, 128 F.Supp. 165.

▆ This case is also removable under Title 28 U.S.C. § 1442(a) (1) which provides that any civil action begun in a State court against "Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *" may be removed to the District Court of the United States for the District embracing the place wherein the action is pending. The Reviser's Note shows this section is intended to apply to all officers and employees of the United States or any agency thereof. Although the predecessor to this section, section 76 of Title 28 U.S.C., 1940 ed., was limited primarily to revenue officers enforcing criminal or revenue laws, cases under the present statute have extended its provisions to officials of the Veterans' Administration for alleged malicious acts in dismissing an employee (De Busk v. Harvin, 5 Cir., 1954, 212 F.2d 143) and to the Federal Housing Administration when it was sought to be enjoined from holding a meeting of preferred stockholders to elect a new board of directors. (Sarner v. Mason, supra).

At the hearing on its motion to remand, the plaintiff took the position that the provision of 12 U.S.C.A. § 1702 authorizing the Commissioner of the Federal Housing Administration "* * * to sue and be sued in any court of competent jurisdiction, State or Federal" in effect amends or creates an exception to the removal statute as set out in 28 U.S.C. §§ 1441, 1442, in that it not only allows the plaintiff the choice of forum when suing the Federal Housing Administration, but permits the plaintiff to maintain its suit to judgment no longer subject to the general statutory right of removal. In 28 U.S.C. § 1445 Congress has expressly denied a defendant the right of removal from a State court to a federal district court in civil actions arising under the Employers' Liability Act, 45 U.S.C.A. §§ 51–60, and in civil actions against a common carrier arising under 49 U.S.C.A. § 20 unless in this latter type suit the amount in controversy exceeds $3,000 exclusive of interest and costs. The same bar to removal has been applied to suits by seamen under the Jones Act, 46 U.S.C.A. § 688, on the theory that all of the procedures applicable to the Employers' Liability Act have been incorporated into the Jones Act. (Petterson v. Standard Oil Co. of New Jersey, D.C.S.D.N.Y. 1924, 41 F.2d 219; Greene v. United Fruit Co., D.C.S.D.N.Y.1949, 85 F.Supp. 81). The question before this court is whether in the absence of an express denial of the right of removal such an intention on the part of Congress should be implied.

A similar problem of interpretation has been before the courts dealing with section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), which provides "Action to recover such liability may be maintained in any court of competent jurisdiction * * *." The cases [2] are in direct conflict as to the effect of this language on the right of removal. Those granting the right of removal have done so on the basis that as this important right has been expressly

2. For listing of cases either granting or denying removal prior to 1948 revision of the Judicial Code, see: Johnson v. Butler Brothers, 8 Cir., 1947, 162 F.2d 87, 89, 172 A.L.R. 1157; Brantley v. Augusta Ice & Coal Co., D.C.S.D.Ga., A.D., 1943, 52 F.Supp. 158, 159; note 55 H.L.R. 541. After 1948 revision, see: Asher v. William L. Crow Construction Co., D.C.S.D.N.Y.1953, 118 F.Supp. 495.

denied a litigant by Congress in several instances, in the absence of express denial, repeals by implication not being favored, an abrogation of the removal statute will not be implied. Those cases denying the right of removal have used the rationale that the word "maintained" denotes more than the right to begin a suit and includes "every requisite step in carrying the suit, once commenced, to effect." (Booth v. Montgomery Ward & Co., D.C.D.Neb., L.D., 1942, 44 F.Supp. 451, 456). These cases make it clear in giving this interpretation to the word "maintained" that they have been guided by two considerations; the purpose of the Fair Labor Standards Act and the fact that were such an interpretation not given the words would be mere surplusage. The Fair Labor Standards Act is keynoted to the relief of the small wage earner, and the cases indicate the feeling that practical justice could not best be served if the plaintiff employee was allowed a choice of forum only to have this choice defeated by removal. Secondly, as was stated in Brantley v. Augusta Ice & Coal Co., D.C.S.D.Ga., A.D., 1943, 52 F. Supp. 158, 160:

" * * * the words * * * declaring they [actions] may be maintained in any court of competent jurisdiction are emptied of all meaning, and they become mere surplusage or idle words. This is so because no legislation was needed to vest either federal or state courts with jurisdiction. They both had it under the general federal jurisdictional laws, or general rules of jurisprudence. * * * The clause * * * becomes meaningless unless it is interpreted as amendatory of the Removal Statute and preventing removal."

The cases arising under the Fair Labor Standards Act which refuse to imply a repeal of the removal statute support the defendant's position as the language of that section is more susceptible of the interpretation contended for by the plaintiff than the language of section 1702 of Title 12 U.S.C. Moreover, the cases holding in favor of an implied amendment do not support the plaintiff's position in the instant case. It has been argued that the court should not engage in hairsplitting as to the difference in connotations given the word "maintained" as distinguished from "to sue and be sued", and that if "maintained" means not only institute but carry through to final judgment "sue and be sued" should likewise be so interpreted. In Federal Housing Administration v. Burr, supra, 309 U.S. at page 245, 60 S.Ct. at page 490, Justice Douglas stated, "Clearly the words 'sue and be sued' in their normal connotation embrace all civil process incident to the commencement or continuance of legal proceedings." However, this statement should not be divorced from the facts of the case. The right of removal was not at issue but rather whether or not the respondent, having obtained a final judgment in a State court against an employee of the Federal Housing Administration, could proceed against that agency in a garnishment proceeding. The considerations guiding the courts in their interpretation of the word "maintained" as it appears in the Fair Labor Standards Act are not involved in the instant case. We are not dealing with a small wage earner whose right to recover may be illusory if his choice of forum is defeated, nor are the words "sue and be sued" mere surplusage unless construed as barring removal. The "sue and be sued" provision of section 1702 was added by amendment on August 23, 1935, because there was question as to whether or not holders of insured loans would upon default be met by the defense of sovereign immunity. Korman v. Federal Housing Administrator, 1940, 72 App.D.C. 245, 113 F.2d 743; In re Wilson, D.C.N.D. Tex., D.D., 1938, 23 F.Supp. 236. The words used are unambiguous. The reason for their use is clear. There is nothing to indicate they were intended to repeal the removal statute. Moreover, the majority of the cases construing section 216(b) of Title 29 U.S.C.A. as repealing the removal statute by implication were

decided under section 71, Title 28 U.S.C., 1940 ed., prior to the 1948 revision which, as set out in section 1441 of Title 28 U.S.C., for the first time provides cases may be removed "except as otherwise *expressly* provided".

■■ Other decisions, although not dealing with the effect of section 1702 on removability or remand, have construed this section to be an express waiver of the immunity of the sovereign to suit and nothing more. Korman v. Federal Housing Administrator, supra, held the agency's claims were entitled to governmental priority in bankruptcy proceedings in the absence of an affirmative indication by Congress to the contrary. Section 1702 likewise does not authorize judicial review of discretionary determinations of the administrator (Choy v. Farragut Gardens, D.C.S.D.N.Y.1955, 131 F.Supp. 609, 613). Even Federal Housing Administration v. Burr, supra, which is heavily relied upon by the plaintiff, speaks merely in terms of waiver of governmental immunity to suit:

> " * * * it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be."

A proper corollary to this statement would seem to be that if the authority to sue or be sued cannot make the agency "less amenable" to suit than a private enterprise, this language should not make the agency "more amenable" to suit than a private enterprise in that its statutory right of removal is thereby taken away. In Sarner v. Mason, supra, the effect of section 1702, Title 12 U.S.C.A., upon removability and remand was carefully considered, and the motion to remand denied. This court finds nothing in the language of section 1702 to sustain the construction that the removal statutes were thereby impliedly repealed.

■ 3. Whether or not the Federal Housing Administration is required to file a removal bond is the next problem to be considered. Title 28 U.S.C. § 1446(d) requires such a bond in civil actions except in petitions for removal "in behalf of the United States". The court acquires its jurisdiction from the petition, while the bond is exacted to protect the plaintiff in case of an improper removal. Distinction should be made between liability for costs (Rule 54(d) of the Federal Rules of Civil Procedure; section 2412(a) of Title 28 U.S.C.), and liability for giving security for damages or costs (Title 28 U.S.C. §§ 1446(d), 2408). If the former does not exist, then logically the latter cannot either. On the other hand, because a governmental agency is answerable in costs, it does not necessarily follow it is required to give security for costs. In Reconstruction Finance Corporation v. J. G. Menihan Corporation, 1941, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595, in interpreting the effect of Rule 54(b) the Supreme Court stated that its decisions in Keifer & Keifer v. Reconstruction Finance Corporation, supra, and in Federal Housing Administration v. Burr, supra, indicated that a governmental agency operating in the commercial field and authorized to sue and be sued, would be held liable for costs. The language in the Burr case, although broad enough to include the payment of costs by the Federal Housing Administration, actually held only that that agency was subject to garnishment. Moreover, execution was specifically limited to funds separated from the control of the United States Treasury and in the possession of the agency. As its funds were deposited with the Treasury and disbursements made through the Treasury, there were, in effect, no funds on which to execute. This practical aspect as well as the necessity to restrict the Menihan case to its facts, is further indicated by Walling v. Norfolk Southern Railway Co., 4 Cir., 1947, 162 F.2d 95, which distinguishes costs imposed on a governmental corporation payable out of corporate funds, from costs imposed on an administrator acting in his official capacity and payable only from an appropriation by

Congress. The per curiam decision in Ewing v. Gardner, 1951, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968, holding that section 2412(a), which was enacted for the first time in 1948, subsequent to the decisions in the Keifer, Burr and Menihan cases, did not permit the assessment of costs against the Administrator in the absence of express statutory authority, would seem to put in doubt the present liability of the Federal Housing Administration for costs in any litigation.

■ However, assuming for the purposes of argument, such liability exists, the meaning and effect of section 1446(d) and section 2408 of Title 28 U.S.C. still remain to be determined. The Supreme Court has interpreted the words "The United States" appearing in section 2412 (a), Title 28 U.S.C., as applying to the Federal Security Administrator when acting in his official capacity (Ewing v. Gardner, supra). In Seven Oaks v. Federal Housing Administration, supra, 171 F.2d at page 949, the court having before it the question of proper venue in a suit against the Federal Housing Administration, stated "Suits against officials of the government in their official capacity are suits against the United States." It would logically follow that the provision of section 1446(d) of Title 28 U.S.C., that a removal bond need not accompany a petition filed "in behalf of the United States" would apply to a petition for removal filed in the name of the Federal Housing Administrator or Administration.

Moreover, section 1446(d) of Title 28 U.S.C. not requiring a bond where the petition for removal is filed in behalf of the United States is in pari materia with section 2408 of Title 28 U.S.C., which provides:

"Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding."

(Nelson v. Peter Kiewit Sons' Co., D.C. D.N.J.1955, 130 F.Supp. 59, 64). Prior to June 25, 1948, when section 1446(d) was enacted (Ch. 646, 62 Stat. 939), and section 2408 was enacted (Ch. 646, 62 Stat. 972), their predecessor sections did not purport to cover the same subject matter. Title 28 U.S.C., 1940 ed., section 72 dealing with removal petitions in civil actions, of which the district courts of the United States are given original jurisdiction, provided for the filing of both the petition and the bond in the State court from which removal was sought, while Title 28 U.S.C., 1940 ed., Sec. 870, exempting the United States, any department of the government, or any party acting under the direction of the aforesaid from giving a bond or security applied only to process issuing from the Supreme Court and the district courts. Section 76 of Title 28 U.S.C., 1940 ed. dealt with removal petitions filed by revenue officers, officers of the courts of the United States and Congressmen acting under color of their office. Their petitions were required to be filed in the district court without the giving of any additional bond. The revisions of the Judicial Code enacted in 1948 now require the removal petition (and bond, except when the petition is in behalf of the United States) to be filed in the district court, and section 2408 applies to all courts, both State and federal.

4. As no removal bond is required in the instant case under the provisions of sections 1446(d) and 2408 of Title 28 U.S.C., section 1446(e) relating to the giving of notice of filing of the bond is not applicable.

■ 5. Whether Rule 12(a) of the Federal Rules of Civil Procedure allowing an agency of the United States sixty days within which to file an answer, or Rule 81(c) setting out a much shorter period is controlling in this case, the failure to file an answer could in no way affect the validity of the removal, which is dependent upon the facts existing at the time of the filing of the removal petition. Pursuant to the discretion given the

courts by Rule 6(b), upon oral application by the defendant made during the hearing on the motion to remand, leave was granted to the Federal Housing Administration to file its answer within thirty days after the disposition of the plaintiff's motion to remand.

The motion to remand is denied.