**GARDEN HOMES, Inc., Plaintiff, Appellant,**

v.

**Norman P. MASON, Commissioner, Federal Housing Administration, Defendant, Appellee.**

**No. 5262.**

United States Court of Appeals First Circuit.

Oct. 25, 1957.

———◆———

Angus M. MacNeil, Somerville, Mass., for appellant.

Paul A. Rinden, Asst. U. S. Atty., Concord, N. H., with whom Maurice P. Bois, U. S. Atty., Concord, N. H., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

72

**MAGRUDER, Chief Judge.**

This appeal is taken from a judgment of the United States District Court for the District of New Hampshire, entered upon motion of defendant, ordering the dismissal of a complaint with prejudice. Under Rule 41(b), Fed.Rules Civ. Proc. 28 U.S.C.A., dealing with involuntary dismissal upon motion for failure of the plaintiff to prosecute, it is provided: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." In this case the district court did not specify that the dismissal should be without prejudice.

█ The complaint, as amended, was filed originally in the Superior Court of Hillsborough County in the State of New Hampshire. It undertook to set forth a claim in the sum of one million dollars for breach of contract against the Federal Housing Commissioner, on a contract made by "the defendant or his predecessors in office" in the course of administration of the National Housing Act, 12 U.S.C.A. § 1702 et seq. Incidentally, in the said § 1702, the Congress authorizes the Commissioner "in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." Although appellant suggests in his brief that he is suing the commissioner in his individual capacity (the commissioner individually being a citizen of Massachusetts wherein plaintiff corporation was incorporated), it seems clear that this is not so. The complaint names as defendant "Norman P. Mason of Washington, D. C., as acting Commissioner of the Federal Housing Administration." Jurisdiction was obtained by attachment of various lands and tenements of the United States of America held by the Commissioner in Hillsborough County, New Hampshire. The action was in substance one against the United States as the real party in interest. See United States v. Summer-

lin, 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; Waylyn Corp. v. United States, 1 Cir., 1956, 231 F.2d 544, certiorari denied, 1956, 352 U.S. 827, 77 S. Ct. 40, 1 L.Ed.2d 49. For further details see our decision on an earlier abortive attempt to appeal from various interlocutory orders in Garden Homes, Inc., v. Mason, 1 Cir., 1956, 238 F.2d 654.

The defendant filed a petition for removal of the case to the federal district court. The district court denied various motions by the plaintiff to remand the case to the state court. Finally, by letter to the plaintiff dated February 18, 1957, the clerk of the district court notified plaintiff that the case was set for trial on Monday, March 4, at 11 A.M. at the Federal Building, Concord, New Hampshire, notwithstanding, so the letter recited, that the clerk had received a telephone call from Angus M. Mac-Neil, Esquire, attorney for the plaintiff, that he could not be present at the trial on March 4. Subsequently the district court relented, and by letter dated February 26, 1957, plaintiff was notified that the trial had been postponed to 11 A.M. on Tuesday, March 5. Still later by letter dated March 1, plaintiff was notified of a second postponement of the trial to 11 A.M. March 6. At the designated hour on March 6, no counsel having appeared for plaintiff, defendant orally moved to dismiss with prejudice under Rule 41, and this motion was granted by the district court. On the afternoon of March 6, the clerk received a letter from Angus M. MacNeil stating that he could not be present at the trial on Wednesday morning, March 6, in Concord because he would be appearing before the Supreme Judicial Court of Massachusetts. On March 14, the district court entered the formal judgment of dismissal from which this appeal is taken.

█ Under the circumstances, considering also other instances in the case of failure diligently to prosecute, as pointed out by appellee, we cannot say that the district court abused its discretion in dismissing the complaint.

It is said by the plaintiff that the dismissal should have been without prejudice because the district court lacked jurisdiction of the case. This claim is based first upon the contention that the Superior Court for Hillsborough County did not have jurisdiction and, therefore, that the federal court could not derivatively acquire jurisdiction upon removal. See Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 449, 63 S.Ct. 1146, 87 L. Ed. 1509. The basis for this contention is allegedly an inadequate service of process. The exact basis is not too clear in the record, but appears to be failure after attachment of the property properly to notify the defendant thereof. This defect, if it existed, is a waivable one, and clearly defendant has waived it.

The second ground upon which plaintiff relied is that even if the Superior Court had jurisdiction, the case was improperly removed and no federal jurisdiction was acquired thereon. We reject this contention.

This is an action involving more than three thousand dollars in which by Act of Congress, in the National Housing Act, 12 U.S.C.A. § 1702, the United States has consented to be sued by action against the Federal Housing Commissioner in his official capacity. The action could have been originally brought in the district court under 28 U.S.C. § 1331, and was properly removable under 28 U.S.C. § 1441. Also, the complaint discloses a case of diversity of citizenship since plaintiff is a citizen of Massachusetts, and as we said in Garden Homes, Inc. v. Mason, 1 Cir., 1956, 238 F.2d 651, 653: "Federal courts have determined that, for purposes of service of process and diversity of citizenship, the Federal Housing Administration is to be treated as a federal corporation and a citizen of the District of Columbia." Furthermore, the Congress has authorized the removal of cases of this sort under 28 U.S.C. § 1442(a) (1), "since

it was a civil action against an 'officer of the United States or any agency thereof' for an 'act under color of such office'." Garden Homes, Inc. v. Mason, 1 Cir., 1956, 238 F.2d 651, 654. See James River Apartments, Inc. v. Federal Housing Administration, D.C.Md. 1955, 136 F.Supp. 24. See also Hart & Wechsler, The Federal Courts and the Federal System 1147–1148 (1953).

A judgment will be entered affirming the judgment of the District Court.