**HARLEM RIVER PRODUCE CO., Inc.,**
**Plaintiff,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Export-Import Bank of Washington et al., Defendants.**

No. 65 Civ. 574.

United States District Court
S. D. New York.

June 28, 1965.

Bernstein, Weiss, Hammer & Parter, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, by Alan G. Blumberg, Asst. U. S. Atty., for defendants.

### MEMORANDUM

TENNEY, District Judge.

Plaintiff moves herein, pursuant to Section 1447(c) of Title 28 of the United States Code, to remand the above-entitled action to the Civil Court of The City of New York, County of New York, on the ground that the action was improperly removed and is not within the jurisdiction of this Court. It is plaintiff's position that petitioner, (defendant, Export-Import Bank of Washington, hereinafter referred to as "Eximbank") relied solely upon Section 1442 of Title 28 of the United States Code as the basis for removal, and that said section of the Code is inapplicable to the within action.

Plaintiff, on or about February 11, 1965, commenced an action in the Civil Court of The City of New York against several insurance companies and the petitioner, Eximbank, to recover the total sum of $8,431.41, alleging in the complaint that said defendants, through the agency of the Foreign Credit Insurance Association, issued policies of insurance to the plaintiff and had failed and refused to pay claims of the plaintiff arising under said policies.

On or about February 24, 1965, the defendant, Eximbank, filed a petition [1] to remove said action to this Court, wherein it alleged:

"1. Petitioner is an agency and instrumentality of the United States of America, having been created and deriving its powers and authority pursuant to the laws of the United States of America.

2. On or about February 11, 1965, the above-entitled civil action was commenced in the Civil Court of the City of New York, County of New York, against petitioner and various other persons to recover sums totalling $8,431.41 plus interest and costs.

3. Petitioner is being sued in the said action solely and exclusively for alleged acts committed by it as an agency of the United States, pursuant to rights, title and authority conferred by Act of Congress.

\* \* \* \* \* \*

WHEREFORE, petitioner prays that the said action may be removed from said Civil Court into this Court for trial and determination as provided for by *Title 28, Section 1442 of the United States Code*." (Emphasis added.)

Plaintiff contends that Eximbank has relied solely on Section 1442 of Title 28 and that the interpretation and application of that section to the removal at bar is unwarranted and improper. Initially, plaintiff asserts that Section 1442 deals exclusively with civil or criminal actions against officers of the United States or officers of an agency of the United States for an act under color of said office, and that the section is not applicable to an action against a federal corporation organized under a statute of the United

1. See Bradford v. Harding, 284 F.2d 307, 309–310 (2d Cir. 1960).

States which is sued for breach of contract.

Plaintiff also contends that an action against a federal corporation is only removable if the prerequisite jurisdictional amount of $10,000 is present.

Eximbank takes the position that the facts stated in its petition of removal establish removal jurisdiction both under Section 1442(a) (1) and under Section 1441 of Title 28. Defendant Eximbank further contends that the "wherefore" clause of the petition of removal which mentions only Section 1442 is surplusage and does not limit this Court's power to sustain the removal pursuant to Section 1441 or any other applicable statute.

In support of its position that removal of an action against a federal agency is proper under Section 1442(a) (1), petitioner cites James River Apartments Inc. v. Federal Housing Administration, 136 F.Supp. 24 (D.Md.1955). The *James River Apartments* case involved a suit originally brought in the Circuit Court No. 2 of Baltimore City for a declaratory judgment, under the Maryland Code of Public General Laws, that the Federal Housing Administration was not entitled to inspect the books and records of the plaintiff corporation or, if the right existed, it was limited to determining whether or not plaintiff had complied with the terms of its Articles of Incorporation and any information obtained by said inspection could not be disclosed to others.

The case was removed by the Federal Housing Administration to the United States District Court. The Court found that it had original jurisdiction under Title 28 of the United States Code, Section 1331, as the cause of action arose under the laws of the United States and the amount in controversy was in excess of the jurisdictional amount (then $3,-000). Removal was also grounded on the fact that it was removable without regard to the citizenship or residence of the parties under Title 28 of the Code, Section 1441(a) & (b). The Court also found that it had original jurisdiction under Section 1332 of Title 28 as the requirements of jurisdictional amount and diversity of citizenship were met.

The removal was sustained under Section 1442(a) (1) as well.

While it may be argued that the *James River Apartments* case is authority for the proposition that an action against a federal agency may be removed to the United States District Court under Section 1442(a) (1) (as well as under Sections 1441, 1331 and 1332) a reading of the Reviser's Note to Section 1442, the Legislative History and a multitude of cases arising thereunder would appear to lead to a contrary result.

The Reviser's Note to Section 1442(a) reads as follows:

" * * *

Section consolidates sections 76 and 77 of Title 28, U.S.C.1940 ed.

The revised subsection (a) (1) is extended to apply to all officers and employees of the United States or any agency thereof. Section 76 of Title 28, U.S.C., 1940 ed., was limited to revenue officers * * *. [No basis is apparent for including some and excluding others.]

* * *

Changes were made in phraseology."

The Court has also been referred to Garden Homes, Inc. v. Mason, 249 F.2d 71 (1st Cir.1957), cert. denied, 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958), and Sarner v. Mason, 128 F.Supp. 165 (D.N.J.), aff'd, 228 F.2d 176 (3d Cir. 1955), cert. denied, 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956) as supporting removal under Section 1442 in an action against a federal agency. Since *Garden Homes, Inc.*, supra, involved suit against an officer of the named agency, and *Sarner*, supra, involved suit against an officer of the agency as well as the agency as titled defendants, it cannot be stated that either case *strictly* stands for the proposition that removal is proper under Section 1442 as against an agency of the United States, as the determinations appear to be based on the action against the officer of the agency rather than the agency itself.

Eximbank further urges that removal pursuant to Section 1442(a) (1) is proper on the authority of State of Texas ex rel. Falkner v. National Bank of Commerce, 290 F.2d 229 (5th Cir.), cert. denied, Falkner v. National Bank of Commerce, 368 U.S. 832, 82 S.Ct. 55, 7 L.Ed. 2d 35 (1961). In that case it was held that the District Court had jurisdiction on removal, and that since the Secretary of Treasury was authorized by federal statutes to permit national banks to open and maintain banking facilities on federal military installations in Texas, the State could not place limitations upon such facilities under the provision against branch banking. Although it is clear that the named defendants are national banks, a reading of the Court's decision indicates that removal was sustained under Section 1442(a) (1) on the theory that the real party defendant was the Secretary of the Treasury (an officer of the United States and agent of the United States) and not the named defendant banks. The Court stated: "We think that the petitions for removal showed at least a colorable claim that the appellees were acting under an officer of the United States and that the appellees were acting under color of law, as agents of the United States within the meaning of § 1442(a) (1), supra." State of Texas ex rel. Falkner v. National Bank of Commerce, supra, 290 F.2d at 231.

It therefore would be more correct to conclude that removal was approved in the above-cited cases pursuant to Section 1442(a) on the basis that the named defendant banks were acting under an officer of the United States, the Secretary of the Treasury, and not just as an agency of the United States.

Except for the cases noted, research of Section 1442(a) (1) reveals its applica-tion only to removals involving officers of the United States or agencies thereof as opposed to removal by the agencies themselves. Such an interpretation also appears to be the view in this Circuit. See Bradford v. Harding, supra, 284 F. 2d at 309–310.

In summary "[t]he purpose of the statute [section 1442(a) (1) ], as stated in Jones v. Elliott, D.C.E.D.Va.1950, 94 F.Supp. 567, is to accomplish the evident Congressional purpose that all suits against officers of the United States Government for acts done within the ambit of their authority be tried only in Courts of the United States. Cf., Hood v. United States, 9 Cir., 1958, 256 F.2d 522." Ove Gustavsson Contracting Co. v. Floete, 176 F.Supp. 841, 843 (E.D.N.Y. 1959).

■ It would therefore appear that sustaining removal under Section 1442 (a) (1) would be tenuous at best.[2]

In addition to reliance on Section 1442 (a) (1), Eximbank grounds its removal on Section 1441 as well. Thus Eximbank takes the position that the facts stated in the petition of removal establish removal jurisdiction not only under Section 1442(a) (1) of Title 28 but under Section 1441 as well, and the reference in the "wherefore" clause only to Section 1442(a) (1) is to be deemed surplusage. In other words, Eximbank asserts that this reference does not limit this Court's power to sustain the removal pursuant to Section 1441 or any other applicable statute.

■ All that is required in a petition for removal is "a short and plain statement of the facts which entitle * * * [the defendant] to removal." 28 U.S.C. § 1446(a). The petition of removal in the instant case appears to have met the

---

2. In reaching this determination, I am not unaware of the other cases heretofore removed to this Court by Eximbank under Section 1442(a) (1). See, e. g., Zander Co., Ltd. v. . . . Export-Import Bank of Washington, et al., 65 Civ. 879; Norso Trading Co., Inc. v. . . . Export-Import Bank of Washington, et al., 65 Civ. 3; Leventhal, Inc., v. . . . Export-Import Bank of Washington, 64 Civ. 3895; Foreign Credit Corp. v. . . . Export-Import Bank of Washington, 64 Civ. 3681.

However, since the removal petitions in those cases were not contested, their value in determining the instant question is minimal.

criteria set forth in Section 1446(a). Although it is the usual practice to cite the specific section of the United States Code under which an action is removed, it does not appear to be a requirement of Section 1446(a), which sets forth what a petition of removal should contain.

Failure to cite the section under which removal is sought is not a fatal defect, and at most is a technical defect where an adequate factual basis for removal is set forth.

Further, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" pursuant to Section 1653 of Title 28 of the United States Code. See McGuigan & Kilcullen v. Roberts, 170 F.Supp. 372, 374 (S.D. N.Y.1959); Royal Crest Dev. Corp. v. Republic Ins. Co., 225 F.Supp. 76 (E.D. N.Y.1963). Compare Bradford v. Mitchell Bros. Truck Lines, 217 F.Supp. 525 (N.D.Cal.1963).

■ Accordingly, Eximbank's petition of removal is deemed amended to provide for removal in the alternative pursuant to Section 1441(a) of Title 28 of the United States Code.[3]

Section 1441(a) provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added.)

Eximbank asserts that Section 1346 of Title 28 is the applicable statute providing for original jurisdiction in cases where the United States is a defendant.

Subdivision (a) (2) of Section 1346 provides:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\*  \*  \*  \*  \*  \*

(2) Any other civil action or claim against the *United States,* not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or *upon any express or implied contract with the United States,* or for liquidated or unliquidated damages in cases not sounding in tort." (Emphasis added.)

The purpose of the Export-Import Bank as set forth by the Congress is "to aid in financing and to facilitate exports and imports and the exchange of commodities between the United States or any of its Territories or insular possessions and any foreign country or the agencies or nationals thereof." U.S. Code Cong. & Adm. News 83d Cong. 1st Sess. 1953, at 1643.

Pursuant to subdivision (c) (1) of the United States Code, Section 635, Title 12, Eximbank is also authorized to provide insurance for United States citizens against the risks of loss or damage to tangible personal property of United States origin which is exported from the United States in commercial intercourse and is located in any friendly foreign country to the extent that such loss or damage results from hostile or warlike action in time of peace or war, including civil war, revolution, rebellion, insurrection or civil strife arising therefrom, or from an order of any government or public authority confiscating, expropriating or requisitioning such property and to the extent that such property is owned in whole or in part by the assured.

It is beyond question that the statute creating the Export-Import Bank of

---

3. " \* \* \* Amendments to petitions for removal after the statutory time has passed may be permitted only where the amendment is one to cure technical defects or to amplify the allegations of the petition. Thus, the amendment must do no more than set forth in proper form what has been previously imperfectly stated in the petition for removal. [Citing cases.]" Browne v. Hartford Fire Ins. Co., 168 F.Supp. 796, 800 (N.D. Ill.1959).

Washington (Title 12, United States Code § 635 et seq.) plainly establishes the corporation as an agency of the United States of America. The statute provides in part: that all the capital stock of the Export-Import Bank of Washington shall be subscribed by the United States; that the President shall appoint the President and First Vice President of the Bank as well as the Board of Directors upon and with advice and consent of the Senate; the corporation is required to submit to Congress semi-annually a complete and detailed report of its operations; the corporation is entitled to the use of the United States mails in the same manner and upon the same conditions as the executive departments of the Government; the Eximbank has the power to sue, and be sued, to complain and to defend in any court of competent jurisdiction; and from time to time Congress changes the aggregate amount Eximbank is allowed to have outstanding in loans, guarantees or insurance.

The first question for consideration is whether this Court would have original jurisdiction under Section 1346(a) (2) of Title 28 as that section is incorporated into Section 1441(a) of the general removal statute. The action as presently captioned reads: "Harlem River Produce Co., Inc. plaintiff against . . . *Export Import Bank of Washington, et al.*" (Emphasis added.) As noted above, Section 1346(a) (2) in part provides that the district courts shall have original jurisdiction, concurrent with the Court of Claims, of any other civil action or claim against the *United States* not exceeding $10,000 in amount. Thus the threshold question appears to be whether an action brought against an independent federal agency as a titled defendant for an amount not exceeding $10,000 properly comes within that phraseology of Section 1346(a) (2).

Eximbank, in answer to the aforementioned question, takes the position that an action nominally brought against a federal agency is to be treated as an action against the United States.

In an action by the MacArthur Mining Company, Inc., a corporation, against the Reconstruction Finance Corporation, for alleged breach of contract on the part of defendant, the Court of Appeals for the Eighth Circuit stated:

"Finally, we have no doubt the district court was without jurisdiction for the reason that the suit is in fact a suit against the United States in which plaintiff seeks to recover more than $10,000 and the government has not consented to be sued for such an amount in the district court. 28 U.S. C.A. § 1346(a) (2). It is now settled that this question is not to be determined 'by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record'. Ex parte State of New York, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057." Reconstruction Fin. Corp. v. MacArthur Mining Co., 184 F.2d 913, 917 (8th Cir.1950), cert. denied, 340 U.S. 943, 71 S.Ct. 505, 95 L.Ed. 681 (1951).

"There is an abundance of authority for the proposition that where an agency of the government is a party, the courts look through the nominal party and treat the case as one in fact against the United States." Union Nat. Bank of Clarksburg v. McDonald, 36 F.Supp. 46, 47 (N.D.W. Va.1940) and cases cited therein.

Furthermore, in Rainwater v. United States, 356 U.S. 590, 78 S.Ct. 946, 2 L. Ed. 2d 996 (1958), a case involving suits by the United States to recover damages and forfeitures under the civil provisions of the False Claims Act, the Court determined that a claim against the Commodity Credit Corporation was a claim against the Government of the United States under the False Claims Act.

The Court reasoned that "Commodity [Commodity Credit Corporation] is an 'agency and instrumentality of the United States, within the Department of Agriculture, subject to the general supervision and direction of the Secretary of Agriculture.' It was created by Congress to support farm prices and to assist

in maintaining and distributing adequate supplies of agricultural commodities. Its capital was provided by congressional appropriation. Any impairment of this capital, which at times has been great due to the nature of its activities, is replaced out of the public treasury; any gains are returned to that treasury. All of its officers and other personnel are employees of the Department of Agriculture and are compensated as such. Like other government corporations, Commodity is subject to the provisions of the Government Corporation Control Act which provides such close budgetary, auditing and fiscal controls that little more than a corporate name remains to distinguish it from the ordinary government agency. * * *

In our judgment Commodity is a part of 'the Government of the United States' for purposes of the False Claims Act." Rainwater v. United States, supra, at 591–592, 78 S.Ct. at 948.

In other words, a claim against the Commodity Credit Corporation, a wholly-owned government corporation operating within and as a part of the Department of Agriculture as an administrative device for the purpose of carrying out federal farm programs with public funds, was a claim against the Government of the United States within the provisions of the False Claims Act.

As was noted earlier, the statute creating the Export-Import Bank of Washington indicates that it is an independent federal agency of the United States. There can be no question of this. But, further, its working capital and operating expenses are supplied by the United States; its officers and Board of Directors are chosen by the President, with the advice and consent of the Senate. It uses the mails in the same manner as the other executive departments of government; it is required to submit semiannually a report of its financial operations; and from time to time Congress changes the total amount Eximbank is permitted to have outstanding in loans, guarantees or insurance.

Accordingly, there can be no doubt that the Export-Import Bank of Washington is an agency of the United States and only a nominal party at best, the United States being the real party.

It therefore appears that this Court would properly have original jurisdiction of the within action under Section 1346 (a) (2) of the Code as an action against the United States for breach of an express contract for less than $10,000.

On the basis of the foregoing, the motion to remand is denied.

Eximbank is directed to file an amended petition within ten (10) days from the date of this order amending its petition of removal to include Section 1441(a) of Title 28 of the United States Code.

So ordered.