**ENVIRONMENTAL DEFENSE FUND INCORPORATED et al., Plaintiffs,**

v.

**CORPS OF ENGINEERS OF the UNITED STATES ARMY et al., Defendants.**

Civ. A. No. 2655–69.

United States District Court,
District of Columbia.

Jan. 27, 1971.

Edward Lee Rogers, Gen. Counsel of Environment Defense Fund, East Setauket, Stony Brook, N. Y., Jon T. Brown, Washington, D. C., for plaintiffs.

Martin Green, Stuart B. Schoenburg, Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

PARKER, District Judge.

The plaintiffs in this proceeding are the Environmental Defense Fund (EDF), the Florida Defenders of the Environment (FDE), and certain individual residents of Florida who have benefited and desire to continue to benefit from the hunting, fishing, and other recreational as well as aesthetic advantages of the Oklawaha River ecosystem. They seek preliminary injunctive relief against the Corps of Engineers of the United States Army, Secretary of the Army Stanley R. Resor, and General Frederick B. Clarke, Chief of Engineers, Corps of Engineers, claiming that the Cross-Florida Barge Canal, hereinafter the Canal, although duly authorized, is being constructed in violation of numer-

ous statutes designed to preserve the natural resources of the nation and to salvage to the extent possible those resources already endangered—particularly the National Environmental Policy Act,[1] hereinafter NEPA, the Fish and Wildlife Coordination Act,[2] and the Act of July 23, 1942 [3] which authorizes construction of the Canal. The plaintiffs assert that unless the requested relief is granted irreparable damage will result —notably extensive destruction of unique timber and aquatic life upstream from Eureka Dam as well as in Rodman Reservoir, and almost certain pollution of a considerable portion of the water supply for the State of Florida.

The defendants have filed a motion to dismiss asserting that plaintiffs lack standing to bring this suit, and further asserting that the Court lacks jurisdiction of the defendants and the subject matter because this action is allegedly barred by sovereign immunity. They further contend that there is a failure to state a claim upon which relief can be granted, again asserting sovereign immunity, and further arguing that the statutes upon which plaintiffs rely do not apply to the Canal which was authorized in 1942 and begun in 1964. The structures of the Canal are allegedly one-third completed and the overall project is allegedly one-sixth completed.

For the reasons set forth, the Court denies the defendants' motion to dismiss and grants the plaintiffs' motion for a preliminary injunction.

The individual plaintiffs, as Florida citizens and users of Florida recreational facilities, and EDF and FDE which through their research and other activities have actively sought to preserve and enhance the natural environment for the benefit of posterity, will suffer real injury if the anticipated environmental damage occurs. The interests they seek to protect are arguably within the zone of interests to be pro-

---

1. Pub.L. 91-190, 83 Stat. 852 (Jan. 1, 1970).

2. 16 U.S.C. §§ 661-665.

3. 56 Stat. 703.

tected by certain of the statutes upon which they rely, and they have alleged such a personal stake in the outcome of the controversy as to assure the necessary concreteness of issues. They are "aggrieved" persons within the terms of the Administrative Procedure Act, 5 U. S.C. § 702. See Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L. Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Environmental Defense Fund et al. v. Hardin et al., 138 U.S.App.D.C. 391, 428 F.2d 1093 (1970); Scenic Hudson Preservation Conference v. F.P.C., 354 F.2d 608 (2d Cir. 1965). The plaintiffs thus have standing.

■ Nor is the doctrine of sovereign immunity applicable. This suit seeks to challenge actions by officers on grounds that the actions are allegedly "beyond their statutory powers" or "even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void," Dugan et al. v. Rank et al., 372 U.S. 609, 620–622, 83 S.Ct. 999, 1007, 10 L.Ed.2d 15 (1963). This is a review of administrative compliance with statutory duties, and there is no clear and convincing evidence of Congressional intent to bar judicial review of such compliance in this instance. The situation is clearly distinguishable from those in *Dugan, supra,* and Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), cited by defendants. Those cases involved, respectively, an alleged tortious diversion of water rights and a breach of contract. In both instances government officers had concededly acted within the framework of the statutory grant of authority.

■■ Finally, in view of the possible disastrous effects to the drinking water supply of Florida, the partial state of construction, the extensive alleged remaining construction time, and the clear priority Congress has recently given to preserving and protecting the Nation's natural resources, certain of the cited statutes—including but not limited to the National Environmental Policy Act, *supra,* the Fish and Wildlife Coordinating Act, *supra,* and the Act of July 23, 1942, *supra*—must be held applicable to construction of the Cross-Florida Barge Canai.

The Court, therefore, concludes that it has jurisdiction of the parties and the subject matter; and, further, that the complaint does state a claim upon which relief can be granted.

■ There is also sufficient basis to justify granting the plaintiffs' motion for a preliminary injunction, even though the Court is doubtful that all the statutes cited by plaintiffs support their position. Of great probative weight are the March 30, 1970 Report of the Bureau of Sport Fisheries and Wildlife, the June 5, 1970 letter from former Secretary of the Interior, Walter J. Hickel to Secretary of the Army, Stanley R. Resor, and the December 28, 1970 letter from C. H. Stoddard, Chairman of the Environmental Advisory Board of the Corps of Engineers to Mr. William Partington, President of the plaintiff Florida Defenders of the Environment. All three documents affirm the need for an in depth reevaluation of the Canal project with respect to its environmental impact. The inexorable conclusion is that there is a strong probability that further construction and related operations as now planned might irreparably damage marine and plant life and a primary source of drinking water for the State of Florida. For this there would be no adequate remedy at law. 5 U.S.C. § 704.

The public interest in avoiding, if possible, any irreversible damage to the already endangered environment is paramount. And the relatively short delay in construction that will be occasioned by a decision on the merits poses minimal risk of damage to the defendants in view of the extensive time anticipated for remaining construction. Indeed, further expenditure of public funds at

this time may be wasted to the extent of any decision on the merits adverse to the defendants.

Lastly, the Court is convinced that the plaintiffs are likely to succeed in demonstrating that the defendants have not sufficiently complied with the requirements of certain of the cited statutes— particularly the National Environmental Policy Act, *supra*, the Fish and Wildlife Coordinating Act, *supra*, and the Act of July 23, 1942, *supra*. The NEPA recognizes a "continuing responsibility of the Federal Government" to strive to preserve and enhance the environment, and requires a detailed and systematic consideration of the environmental impact of Federal actions. The Fish and Wildlife Coordinating Act requires careful and specific consideration of the environmental impact of all alterations of waterways. And there is evidence that the Act of July 23, 1942 was based on a clear intent not to damage the underground water resources of Florida. Failure to fully comply with these mandates warrants delay of further construction in the manner currently contemplated.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. FINDINGS OF FACT

1. The Cross-Florida Barge Canal was authorized by Congress as a national security measure in 1942.

2. Construction of the Cross-Florida Barge Canal project commenced in 1964.

3. Approximately one-third of the Cross-Florida Barge Canal project has been constructed to date, including the clearing of the ground and the filling of the Rodman Reservoir, the construction of several locks and other canal structures, and the excavation of certain portions of the canal itself.

4. The Secretary of the Interior, United States Department of the Interior has recommended to the Secretary of the Army an ecological and environmental study of the Cross-Florida Barge Canal project, and a construction moratorium pending the completion of such studies.

5. The Chairman of the Environmental Advisory Board of the U.S. Army Corps of Engineers in a letter to Mr. William Partington, President of the Florida Defenders of the Environment, stated that the Board was recommending that the Corps of Engineers undertake a complete review of the Cross-Florida Barge Canal project.

6. The U.S. Army Corps of Engineers has been preparing a detailed environmental statement on the Cross-Florida Barge Canal project in the form prescribed by Section 102(2) (C) of the National Environmental Policy Act of 1969.

7. On the record before the Court there is a probability that Defendants have not met all the requirements of certain of the statutes relied upon by the Plaintiffs, particularly the National Environmental Policy Act of 1969, the Fish and Wildlife Coordination Act of 1965, and the Act of July 23, 1942, 56 Stat. 703.

8. Plaintiffs are two conservation organizations and several individuals. Plaintiff Environmental Defense Fund is a non-profit corporation organized under the laws of the State of New York. Plaintiff Florida Defenders of the Environment is a private voluntary association whose members are citizens and/or residents of the State of Florida. Individual plaintiffs are citizens and/or residents of the State of Florida who have derived use and enjoyment from the Oklawaha River and its valley in their natural state.

9. On September 15, 1970, Plaintiffs submitted affidavits to the Court in support of their Motion for Preliminary Injunction.

10. Attorneys for Plaintiffs and Defendants presented argument to the Court on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss on January 15, 1971.

11. Defendants' Motion to Dismiss was denied on January 15, 1971, and

Plaintiffs' Motion for Preliminary Injunction was granted the same day.

12. On January 20, 1971, Defendants submitted an affidavit in support of their request for reconsideration of the Court's decision to issue a preliminary injunction.

13. It is probable that Plaintiffs would suffer irreparable injury for which there is no adequate remedy at law by the continued construction of the Cross-Florida Barge Canal project.

## II. CONCLUSIONS OF LAW

1. The Court has jurisdiction over the subject matter of the Complaint and the parties hereto.

2. The doctrine of sovereign immunity is inapplicable to this cause of action.

3. Plaintiffs have standing to maintain this action.

4. Plaintiffs have stated a cause of action upon which relief can be granted.

5. Planning, development and construction of the Cross-Florida Barge Canal project are major Federal actions significantly affecting the quality of the human environment.

6. There is a probability that Defendants, in the planning, development, and construction of the Cross-Florida Barge Canal project, have not fully complied with the requirements of certain of the statutes relied upon by Plaintiffs, particularly the National Environmental Policy Act of 1969, the Fish and Wildlife Coordination Act of 1965, and the Act of July 23, 1942, 56 Stat. 703.

7. If a preliminary injunction does not issue, it is probable that Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law.

## ORDER

Having heard counsel in open Court on January 15, 1971, and having fully considered the pleadings and affidavits filed in this case, it appears that Defendants' Motion to Dismiss is based essentially on three points: (1) that Defendants are immune from suit under the doctrine of sovereign immunity; (2) that Plaintiffs have no standing to maintain this suit; and (3) that the complaint fails to state a claim upon which relief can be granted.

Upon consideration of the pleadings and affidavits, however, it appears that: (1) Plaintiffs have alleged in their complaint that Defendants are acting beyond their statutory powers and the doctrine of sovereign immunity is, therefore, inapplicable; (2) that Plaintiffs have alleged sufficient interest in the environmental values affected or to be affected by Defendants' conduct to have standing to sue as representatives of the public interests here involved; and (3) Plaintiffs' complaint states a cause of action by reasons of the allegations therein that Defendants are violating several statutes, including the National Environmental Policy Act of 1969, designed to protect the environmental values and amenities with which Plaintiffs are here concerned. Accordingly, on January 15, 1971, in open Court, this Court denied Defendants' Motion to Dismiss. Wherefore, it is by this Court, this 27th day of January, 1971,

Ordered that Defendants' Motion to Dismiss be and it is hereby denied.

## PRELIMINARY INJUNCTION

The matter having come on for hearing on Plaintiffs' Motion for a Preliminary Injunction and after consideration of the Motion, the opposition thereto, the pleadings, exhibits, and argument of counsel, the Court having made Findings of Fact and Conclusions of Law to the effect, *inter alia*, that:

1. The Defendants have commenced the planning, development and construction of the Cross-Florida Barge Canal project;

2. The planning, development and construction of said project are major Federal actions significantly affecting the quality of the human environment; and,

It appearing to the Court that the Defendants, by continuing the development

and construction of the Cross-Florida Barge Canal project would probably violate certain of the statutes relied upon by Plaintiffs, particularly the National Environmental Policy Act of 1969, 83 Stat. 852, §§ 101, 102; the Fish and Wildlife Coordination Act of 1965, 16 U.S.C. § 661 et seq., and the Act of July 23, 1942, 56 Stat. 703, and that unless a preliminary injunction should issue the Plaintiffs would suffer irreparable injury for which there is no adequate remedy at law, it is by the Court this 27th day of January, 1971,

Ordered, That the Defendants, their agents, officers, servants, employees, and attorneys, and any persons in active concert or participation with them, be and they are hereby enjoined until the final determination of Plaintiffs' application for an injunction and other relief from commencing or continuing the following portions of the Cross-Florida Barge Canal project:

1. Cutting, clearing, damaging, dredging, or activities otherwise affecting the timber and other natural habitat, waters, flora and fauna or having an adverse environmental impact in the project area upstream on the Oklawaha River from the Eureka Dam and Lock.

2. Excavating any portion of the Cross-Florida Barge Canal east of the completed portion of the western segment of the canal, which is a point approximately two miles east of the Inglis Lock.

It is further ordered, That the Court will retain jurisdiction and hold in abeyance a determination of the Plaintiffs' request for an Order enjoining the Defendants from maintaining the present level of the Rodman Reservoir. On or before February 5, 1971, the parties are hereby requested to report to the Court with respect to whether they have been able to agree to plans and procedures for consultation regarding the future of Rodman Reservoir.

It is further ordered, That Plaintiffs file a bond for the payment of costs and damages as may be suffered by any party who is found to have been wrongfully or unlawfully restrained herein, in the amount of One Dollar ($1.00); and

It is further ordered, That the United States Marshal shall serve a copy of this Order forthwith upon the Defendants.