The **SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE, INC.,** a Michigan non-profit corporation, on its behalf and on behalf of minority group persons and businesses within the metropolitan Detroit area, Edward J. Holland, Jr., on his own behalf and on behalf of minority group persons and businesses within the metropolitan area of Detroit, and all other minority individuals similarly situated, who are represented by the above-named persons, Plaintiffs,

v.

John **CONNOLLY,** as Secretary of the Treasury of the United States, Department of the Treasury, Washington, D. C., et al., Defendants.

Civ. A. No. 36224.

United States District Court,
E. D. Michigan, S. D.

Sept. 23, 1971.

---

**942**

Gerald Dent, Patmon, Young & Kirk, Detroit, Mich., for plaintiffs.

Ralph B. Guy, Jr., U. S. Atty., Fred M. Mester, Asst. U. S. Atty., Detroit, Mich., for defendants.

FEIKENS, District Judge.

The Southern Christian Leadership Conference (SCLC) brings this action against the Small Business Administration (SBA) and John Connolly as a class action on behalf of itself and all black businessmen in metropolitan Detroit. They allege violations of the Aid to Small Business Act and the Civil Rights Act of 1964.

Plaintiffs allege that certain corporations—all interrelated: All Pro Enterprises, Inc., All Pro Equities, Inc., and Brady Keys Kentucky Fried Chicken, have advertised and promoted themselves as "black owned" corporations but in fact are controlled and owned by whites. They term these corporations as "Black Front" corporations.

These corporations have entered into franchise agreements with Burger King Restaurants and Colonel Sanders Kentucky Fried Chicken Corporation to operate restaurants in the Detroit area.

The SBA has approved a loan to All Pro Enterprises. Plaintiffs allege that the granting of this loan was in violation of regulations of the SBA, in that the loan will be used in part to pay off creditors; that All Pro Enterprises is not a small business; that the loan will encourage monopolies and lessen competition in the fast-food industry in metropolitan Detroit; and that the grant of federal assistance by the SBA will operate to further discriminate against black minority businessmen.

The SBA moves to dismiss this complaint on the grounds that this court has no jurisdiction, that the plaintiffs have no standing to raise this complaint, that they have not exhausted administrative remedies, and that in any event the approval of a loan is committed to SBA discretion by law.

*Jurisdiction*

■■ This is an action for declaratory judgment under 28 U.S.C. § 2201. There is an actual controversy among the parties concerning the provisions of 15 U.S.C. § 631 et seq. known as the Small Business Act. Section 634(b) (1) of this Act states:

"In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—

(1) sue and be sued * * * in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no * * * injunction * * * shall be issued against the Administrator. * * *'* *" 15 U.S.C. § 634(b) (1).

Plaintiffs have abandoned their initial prayer for injunctive relief and seek now only declaratory judgment. Furthermore, plaintiffs allege in their amended complaint an amount in controversy over $10,000 so that jurisdiction may also be based on 28 U.S.C. § 1331.

*Standing*

Plaintiffs are the Southern Christian Leadership Conference suing on behalf of themselves and black businessmen of metropolitan Detroit. SCLC directs "Operation Breadbasket," a program initiated to promote, foster, assist, and pro-

tect minority business enterprises and the public interest in urban communities in the United States.

The SBA asserts that the SCLC has no standing to raise issues challenging actions taken by it in the administration of this government program.

Plaintiffs need not suffer a legal wrong to challenge administrative action. Under the Administrative Procedure Act, Section 10, a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

■ The relevant statutes in this case are the Small Business Act and Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d et seq. In the Civil Rights Act there is specific language authorizing any person aggrieved by agency action to obtain judicial review. 42 U.S.C. § 2000d-2. The Small Business Act does not contain any such provision. It is, however, the clear intent of the Administrative Procedure Act to accord such aggrieved persons review. As Judge Tamm stated in Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859, 872 (1970):

> "Thus, in spite of the fact that the Supreme Court has not yet chosen to hold that the Administrative Procedure Act applies to all situations in which a party who is in fact aggrieved seeks review, regardless of a lack of a legal right or specific statutory language, it is clearly the intent of the Act that this should be the case."

Thus, for plaintiffs to have standing, they must be adversely affected or aggrieved within the meaning of the Small Business Act and the Civil Rights Act. The Supreme Court has recently addressed itself to what "adversely affected or aggrieved" means. First, there must be sufficient injury in fact, economic or otherwise, to satisfy the case and controversy requirement of Article III of the United States Constitution. Second, the plaintiffs must assert interests arguably within the "zone of interests" created by the statute. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). And see Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970).

■ The declared policy of the Small Business Act is to foster, assist, and promote small business to preserve free enterprise and competition. "Only through full and free competition can free markets, free entry into business, and opportunities for the expression and growth of personal initiative and individual judgment be assured." 15 U.S.C. § 631. Reading that policy together with the Civil Rights Act, 42 U.S.C. § 2000d, which states: "No person * * * shall, on ground of race * * * be denied the benefits of, or be subjected to discrimination under any [federal] program * * *" leads inevitably to the conclusion that plaintiffs must have standing.

That SCLC has sued on its own behalf and on behalf of black businesses does not deprive it of standing. Courts have recognized that certain groups have so identified themselves with certain problems that they may have standing to challenge government action. Scenic Hudson Preservation Conference v. F. P. C., 354 F.2d 608 (2nd Cir. 1965), cert. den. Consolidated Edison Co. of New York v. Scenic Hudson Preservation Conference, 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (1966); Environmental Defense Fund, Inc. v. U. S. Army Corps of Engineers, 324 F.Supp. 878 (D.C. 1971); Committee for Public Education and Religious Liberty v. Rockefeller, 322 F.Supp. 678 (S.D.N.Y.1971). The SCLC has long identified itself and has become inextricably intertwined since its inception with the problems of all aspects of minority discrimination.

Plaintiffs allege that the SBA funds have been misallocated so as to stifle free competition and further that this has been done in such a manner as to discriminate against minority-owned businesses. Any racial discrimination

constitutes injury sufficient to satisfy the "injury in fact" requirement, and the plaintiffs' interests are at least arguably within the zone created by the Small Business Act and the Civil Rights Act, in that it is surely the intent of Congress to encourage the growth of small businesses owned by blacks.

In this respect, President Nixon has stated:

"What most of the inhabitants are asking is to be included as owners, as entrepreneurs, to have a share of the wealth, and piece of the action." Quoted by Pedro Vasquez, The Role of the Department of Commerce in the Development of Minority Business Enterprise, Special Issue, 25 Bus. Lawyer 55 (1969).

Movement of capital into the inner city is slow because black businessmen have found it difficult to obtain conventional financing. Because these normal opportunities are limited, black entrepreneurs must rely on the SBA.

"Because of the tremendous problems we face in our cities today SBA is directing major attention toward developing business opportunities for minority businessmen with potential in our inner-cities—a minority enterprise program." Phillip Pruitt, Small Business Administration Programs, Special Issue, 25 Bus. Lawyer 51 (1969).

To insure proper implementation of this mandate, black businessmen must be able to apply to the courts for judicial review of SBA programs.

### Exhaustion

Plaintiffs contend that All Pro Enterprises is not a small business and that the loans should not have been granted, in that it would violate certain SBA regulations as well as constituting discrimination against black businessmen. The SBA regulations outline a procedure whereby an "interested party may challenge the small business status of any other bidder or offeror." 13 C. F.R. 121.3–5 (1971).

Under 13 C.F.R. 151.3–6(ii), "[a]ny concern or other interested party which has been adversely affected by a decision of an Area Administrator, * * * " may appeal to the Size Appeals Board. Plaintiffs have not made appeal to the Size Appeals Board concerning All Pro Enterprises. Such an appeal would appear to have been futile in that this board had already made a determination, on appeal taken by All Pro Enterprises to that body from an adverse size determination by the local administrator. It would be a meaningless gesture for plaintiffs to appeal again to a board that had already reached its decision. In American Electric Company v. United States, 270 F.Supp. 689 (D.Hawaii 1967), the district court granted review to a disappointed bidder on a government contract where he alleged that business awarded the bid was not a "small business" under SBA regulations.

Plaintiffs also complain of the anticompetitive effect this grant by the SBA would have. There is no administrative procedure for any interested party to bring this fact before the agency for its consideration.

The government insists that plaintiffs are precluded from asserting claims arising under Title VI of the Civil Rights Act for failure to comply with 13 C.F.R. § 112, requiring complaint be made to the SBA before review may be granted by this court. The issues raised by plaintiffs in their Title VI claims arise out of the identical factual circumstances as their other claims concerning the SBA's loan practices and failure to follow regulations. An effective disposition of these claims would be impossible unless the charges of racial discrimination which underscore the plaintiffs' case are also considered. It would distort plaintiffs' complaint to isolate the claims under the Small Business Act from the allegations of discrimination which precipitated this action by the Southern Christian Leadership Conference.

There is a strong federal policy in favor of judicial resolution of racial discrimination claims. Thus, courts have

given black plaintiffs standing to challenge alleged violations of Title VI in the area of education. Bossier Parish School Board v. Lemon, 370 F.2d 847 (5th Cir. 1967), cert. den. 388 U.S. 911, 87 S.Ct. 2116, 18 L.Ed.2d 1350 (1967); McGhee v. Nashville Special District No. 1, 11 Race Rel.L.Rep. 698 (W.D.Ark. 1966); public housing, Thomas v. Housing Authority of City of Little Rock, 282 F.Supp. 575 (E.D.Ark. 1967); public transportation, Nashville I-40 Steering Committee v. Ellington, 387 F.2d 179 (6th Cir. 1967), cert. den. 390 U.S. 921, 88 S.Ct. 857, 19 L.Ed.2d 982 (1968); and municipal services, Hawkins v. Town of Shaw, Mississippi, 437 F.2d 1286 (1971, 5th Cir.).

The SBA has no effective procedure to receive complaints concerning the effect a loan may have on others. The administrative procedure is geared towards applicants. That a grant to a certain business may cause racial discrimination to others not before the SBA is a problem obviously not heretofore considered by the SBA. The SBA has acted; it approved the loan grant to All Pro Enterprises. This administrative order is now ripe for review.

The final contention of the government is that the SBA has complete discretion as to whom loans should be granted.

The Administrative Procedure Act, 5 U.S.C. § 701(a) (2) states that the Act applies "except to the extent that—agency action is committed to agency discretion by law."

Such action so committed to agency discretion is not reviewable, even for abuse of discretion. Panama Canal Co. v. Grace Line, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958). In Curran v. Laird, 136 U.S.App.D.C. 280, 420 F.2d 122 (1969), the court, in holding certain governmental action unreviewable, specifically noted, " * * * our decision does not involve personal rights and liberties, does not involve constitutional claims, and does not involve a right expressly granted by statute. * * * "

At 130, 131. The claim by plaintiffs in the instant case does involve such a constitutional claim. It cannot be considered to be committed to SBA discretion.

The court recognizes that the SBA has been granted wide discretion by Congress to formulate rules and policies to determine which companies are entitled to aid under this Act. Allen M. Campbell Co. v. Lloyd Wood Construction Co., Inc., 446 F.2d 261 (5th Cir. 1971). The SBA determinations are entitled to great weight in light of their business expertise in the area. "If the agency interpretation is merely one of several reasonable alternatives, it must stand even though it may not appear as reasonable as some other." *Id.* at 265.

Agency action involving possible racial discrimination cannot be considered within the unreviewable discretion of the SBA. On the contrary, the Civil Rights Act, 42 U.S.C. § 2000d-2 clearly evidences congressional intent to subject such action to close judicial scrutiny.

For these reasons, the motion to dismiss must be denied.

An appropriate order may be granted.