EXHIBIT 2

[A7526]

**Arthur K. HELLERMANN, Plaintiff,**

v.

**George W. ROMNEY, Secretary of the Department of Housing and Urban Development, and Eugene H. Gulledge, Federal Housing Commissioner, Defendants.**

No. 71–C–598.

United States District Court,
E. D. Wisconsin.

Jan. 30, 1973.

Charne, ·Glassner, Tehan, Clancy & Taitelman, by Irvin B. Charne, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter.

The complaint is one which seeks damages and also other relief because of the arbitrary refusal of the defendants to approve rental charges for the premises in which the plaintiff claims a life interest. Annexed to the complaint is a contract between the parties which, according to the plaintiff, obligated the defendants to establish rentals and to recompute terms of the mortgage. Monetary damages in excess of $49,000 are demanded by the plaintiff.

The complaint refers to 28 U.S.C. § 1346(a)(2), which confers jurisdiction in the United States district courts as to certain claims involving less than $10,-000; since a greater sum is demanded, and since no other ground for jurisdiction is affirmatively set forth in the complaint, the defendants conclude that there is an absence of subject matter jurisdiction.

Although it is not referred to in the complaint, 12 U.S.C. § 1702 authorizes the secretary of the department of housing and urban development "to sue and be sued in any court of competent jurisdiction, State or Federal." In Union National Bank v. McDonald, 36 F.Supp. 46, 48, the court stated as follows:

> "Whatever may have been the law under former decisions, the recent cases of Keifer & Keifer v. Reconstruction Finance Corporation, February 27, 1939, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784, and Federal Housing Administration v. Burr, February 12, 1940, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724, seem to settle this question. The inescapable conclusion from reading these opinions is that a suit against the Federal Housing Administrator, in his official capacity, in a Federal District Court is not limited to $10,000 under the Court of Claims Act. 28 U.S.C.A. § 41(20)."

The defendants suggest that plaintiff's reliance on § 1702 is misplaced because the section is not expressly cited in the complaint. While Rule 8(a)(1), Federal Rules of Civil Procedure, contemplates the specification of the grounds for jurisdiction in the complaint, it would seem inappropriate for the court to order dismissal where recitation of the statutory section would unquestionably be permitted as an amendment of the complaint.

The court concludes that it has jurisdiction of the subject matter in this action and, accordingly, should not grant the defendants' motion to dismiss.