**Lorenza SHORT and Mamie O. Short, Plaintiffs,**

**v.**

**James G. MURPHY, Special Agent, Internal Revenue Service, et al., Defendants.**

**Civ. A. No. 3247.**

United States District Court,
E. D. Michigan, N. D.

Sept. 10, 1973.

Henry J. Rosenbaum, Saginaw, Mich., for plaintiffs.

Robert J. Sevila, Tax Div., U. S. Dept. of Justice, Washington, D. C., James W. Russell, Asst. U. S. Atty., E. D. Mich., N. D., Bay City, Mich., for defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS

THORNTON, District Judge.

Plaintiffs, potential subjects of a recommendation for prosecution under the criminal tax laws, seek by means of the present action to force adherence of the Internal Revenue Service to certain of its own procedural rules promulgated by the Commissioner of Internal Revenue.

Jurisdiction is alleged on three alternative grounds: the Tucker Act, Title 28, U.S.C. § 1346(a)(2); the Administrative Procedures Act, Title 5, U.S.C. §§ 701–706; and the federal mandamus statute, Title 28, U.S.C. § 1361.

By application of the above statutes, plaintiffs seek to require certain officials of the Internal Revenue Service to observe and fulfill the requirements of Section 601.107(b)(2) of the Statement of Procedural Rules, Title 26, C.F.R. § 601.107(b)(2). That section provides in relevant part:

> Every person who may be the subject of a recommendation for prosecution shall be given an opportunity to explain his participation in the alleged criminal violation prior to the submission of the case to Regional Counsel, unless compelling reasons exist to the contrary. At this interview the principal will be informed by a general oral statement, of the alleged fraudulent features of the case, to an extent consistent with protecting the government's interests and, at the same time, making available to the taxpayer sufficient facts and figures to acquaint him with the nature, basis and other essential elements of the proposed criminal charge against him.

Plaintiffs concede that a meeting purporting to comply with the requirements of the above section was held by plaintiffs' counsel and certain representatives of the Internal Revenue Service in Saginaw, Michigan, on November 29, 1972. However, plaintiffs challenge the adequacy of the government's disclosure under the rule at that meeting, since the only information admittedly afforded them was the method of reconstructing their income and the alleged understatement of income for a four year period. Compliance with the rule, in plaintiff's view, would require in addition that they be provided with the following:

(1) The dollar amount of the opening net worth statement for each year involved and the identity of the specific items comprising such total;

(2) The dollar amount of the closing net worth statement for each year involved and the identity of the specific items comprising such total;

(3) A reasonably specific breakdown identifying the nature and amount of claimed expenditures for each year; and

(4) So much thereof and/or such other information as this court shall determine fulfills the requirements (of the section).

Paragraph (1) of the Prayer for Relief, Plaintiffs' Amended Complaint. In addition, plaintiffs request that they be afforded a reasonable time after the government's disclosure of the above to determine the availability of evidence and to submit any information they desire in rebuttal of the information provided by the government.

Defendant IRS officials have moved to dismiss plaintiffs' amended complaint, asserting three independent bases therefor: that the plaintiffs have failed to state a claim upon which relief can be granted; that this court is without jurisdiction to grant the relief sought in either plaintiffs' original or amended complaints; and, that the United States has not consented to be sued in actions of this nature. Granting of the dismissal sought by defendants would necessarily vacate the temporary restraining order entered in this cause by the Honorable Fred W. Kaess, United States District Judge, on December 29, 1972, as amended and extended by order of this court dated January 4, 1973, enjoining defendant IRS officials from continuing to process and forward the investigative report of the Intelligence Division regarding plaintiffs, prior to a determination of whether the Intelligence Division is required to make the further disclosure sought by plaintiffs.

At the outset, we acknowledge the increasing line of decisions which have recognized the right and ability of an

interested party to compel compliance of an administrative agency with its own validly promulgated regulations. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Yellin v. United States, 374 U. S. 109, 83 S.Ct. 1828, 10 L.Ed.2d 778 (1963) (involving a procedural rule of a Committee of the United States Congress); Hammond v. Lenfest, 398 F.2d 705, 715 (2d Cir. 1968); Schatten v. United States, 419 F.2d 187, 191 (6th Cir. 1969); Hollingsworth v. Balcom, 441 F.2d 419, 421–422 (6th Cir. 1971); Antonuk v. United States, 445 F.2d 592, 595 (6th Cir. 1971). However, those few courts recognizing a similar principle in a tax context have been faced with regulations guaranteeing taxpayer rights of a constitutional dimension in a post-indictment criminal setting; and, quite distinguishable from the relief sought here, the court's recognition in each case led either to granting a motion to suppress or reversal of the lower court's conviction. See, United States v. Heffner, 420 F.2d 809, 811–813 (4th Cir. 1970); United States v. Leahey, 434 F. 2d 7, 9–11 (1st Cir. 1970); United States v. Maciel, 351 F.Supp. 817, 819–820 (D.R.I.1972). Thus, these cases are no more helpful to plaintiffs from a jurisdictional standpoint than the earlier line of cases from which they sprang, the majority of which were habeas corpus challenges to the legality of the restraint of military service based upon alleged due process departures from the services' own procedural regulations. In addition to the jurisdictional hurdles, the present case poses the dilemma of whether the quoted section of the Statement of Procedural Rules promulgated by the Commissioner of Internal Revenue is in fact a regulation intended to afford rights to the taxpayer, compliance with which can be compelled. Finally, the question is raised of whether the doctrine of sovereign immunity bars the maintenance of the action against an official of the United States, notwithstanding all the considerations heretofore advanced.

■ Since consideration of plaintiffs' asserted jurisdictional bases leads inevitably to the other enumerated issues, our analysis should appropriately begin there. With respect to jurisdiction under the Tucker Act, Title 28, U.S.C. § 1346(a)(2), plaintiffs have cited no authority for use of that statute to compel an agency to comply with its own validly promulgated regulations. Although the literal terms of section a(2) of the Act do not preclude such an application, the history of its use · has been to secure monetary as opposed to injunctive relief except in rare instances. In fact, the only case cited by plaintiffs under that section was an unsuccessful attempt to compel a refund of an alleged overpayment of postal rates. Knight Newspapers, Inc. v. United States, 395 F.2d 353 (6th · Cir. 1968). Although premising jurisdiction on the Tucker Act is often helpful in surmounting the sovereign immunity hurdle "with respect to actions founded upon express or implied contract" as in *Knight*, other cases have acknowledged that the waiver of immunity under the Tucker Act does not extend to injunctive actions attempting to compel action on the part of governmental officials. See, Western v. McGehee, 202 F.Supp. 287, 292 (D.Md.1962) and cases cited therein. Moreover, basing jurisdiction on that statute would embroil the court in the protracted determination of whether the section of the Statement of Procedural Rules here relied upon is a "regulation of an executive department" within the meaning of the statute.

■ Although plaintiffs have asserted the Administrative Procedure Act, Title 5, U.S.C. §§ 701–706, as an independent jurisdictional basis in Count II of their amended complaint, numerous courts have agreed that Section 702 of the Act guaranteeing the right of judicial review to persons suffering legal wrong because of agency action "does not of itself establish the jurisdiction of the Federal courts over an action not otherwise cognizable by them." Kansas City Power & Light Co. v. McKay, 96

U.S.App.D.C. 273, 225 F.2d 924, 933, cert. denied, 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955); Ove Gustavsson Contracting Company v. Floete, 278 F.2d 912, 914 (2d Cir.), cert. denied, 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960); Pan American World Airways, Inc. v. C. A. B., 129 U.S.App.D.C. 159, 392 F.2d 483, 494 (1968) (Wright, J.). Therefore, the affirmative allegation in Count II of the right to judicial review under the Administrative Procedure Act adds nothing to the jurisdictional basis of plaintiffs' complaint, absent its construction with an independent jurisdictional grant.

■■ Attention of the court must be turned, then, to the final alternatively alleged jurisdictional ground, Title 28, U.S.C., Section 1361. That recently enacted jurisdictional grant gives the district courts original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." As apparently conceded by plaintiffs in brief, however, the almost universal construction placed upon this statute is that it confers jurisdiction only to compel the performance of a ministerial as opposed to discretionary act of a governmental official. See, Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 363, 367 (10th Cir.), cert. denied, 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67 (1966); United States v. Walker, 409 F.2d 477, 481 (9th Cir. 1969); Keeny v. Secretary of the Army, 437 F.2d 1151, 1152 (8th Cir. 1971); McClendon v. Blount, 452 F.2d 381, 383 (7th Cir. 1971). In addition, the courts have recognized that the enactment of Title 28, U.S.C. Section 1361 was not intended as a consent to suit by the United States, and sovereign immunity remains as a bar to actions against governmental officials which are in reality suits against the United States, unless the official can be shown to have acted in excess of his authority or in violation of the constitution in refusing to perform the duty sought to be compelled. See, Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 701–702, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Scholder v. United States, 428 F.2d 1123, 1127 (9th Cir.), cert. denied, 400 U.S. 942, 91 S.Ct. 240, 27 L.Ed.2d 246 (1970); McQueary v. Laird, 449 F.2d 608, 611 (10th Cir. 1971).

■■ As a final preliminary matter, it should be noted that it matters little whether the federal mandamus statute, Title 28, U.S.C. § 1361, is applied absent or in concert with the Administrative Procedure Act, Title 5, U.S.C. § 701 et seq. The refusal of a governmental official to perform a discretionary duty, non-compellable under the mandamus statute, is likewise precluded from review under the Administrative Procedure Act by section 701(a)(2) of the act, which exempts from its coverage "agency action . . . committed to agency discretion by law." Nor can a waiver of sovereign immunity be implied from enactment of the Administrative Procedure Act. Environmental Defense Fund, Inc. v. Corps of Engineers, 324 F.Supp. 878, 880 (D.D.C.1971).

Whether jurisdiction over the present action can be premised upon Title 28, U.S.C. § 1361 thus depends upon whether the disclosure by IRS officials sought by plaintiffs is deemed mandatory or discretionary under the section of the procedural rules relied upon. Of the line of decisions cited by plaintiffs supporting the proposition that a court can compel an administrative agency to observe its own validly promulgated regulations, only three cases could be found in which jurisdiction was based upon the federal mandamus statute and each of the three involved a regulation guaranteeing procedural due process rights to military personnel in a far less equivocal manner than in the procedural rule here. See, Smith v. Resor, 406 F.2d 141, 147 (2d Cir. 1969) (footnote 11); Bluth v. Laird, 435 F.2d 1065 (4th Cir. 1970); Konn v. Laird, 460 F.2d 1318 (7th Cir. 1972). With respect to the authority relied upon by defendants in which several courts have refused to order compliance

with certain IRS procedural guidelines, in no case was Title 28, U.S.C. § 1361 asserted as the jurisdictional basis. See, Luhring v. Glotzbach, 304 F.2d 560 (4th Cir. 1962); Cleveland Trust Company v. United States, 421 F.2d 475, 480 (6th Cir.), cert. denied, 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46 (1970); Rosenberg v. C. I. R., 450 F.2d 529, 531–533 (10th Cir. 1971). Nor does the only case cited by either party dealing with the section of the procedural rules here at issue involve a jurisdictional question under the mandamus act. See, United States v. Goldstein, 342 F.Supp. 661 (E. D.N.Y.1972). We are in accord with the view of plaintiffs, therefore, that so far as the jurisdictional aspects of this case are concerned, it is one of first impression.

The threshold jurisdictional question under Title 28, U.S.C., Section 1361, of the discretionary or ministerial nature of the duty sought to be compelled, can only be resolved by resort to an examination of the purpose and intent of the procedural rule in question, as well as of its literal terms. Plaintiffs strongly urge in their brief that the court give controlling effect to the language of the rule which provides that "(e)very person . . . *shall* be given an opportunity . . ." and that "the principal *will* be informed. . . ." (emphasis added). In addition, plaintiffs suggest that the recent amendment to the rule making the contemplated conference optional in certain cases would not have been necessary had the duty to hold such conference been truly discretionary.

The jurisdictionally distinguishable case cited by the government which interpreted the procedural rule in question does provide some insight, not afforded by plaintiffs' analysis, into the purpose and intent of the rule:

The provision for an explanation serves a purpose related to efficiency, in avoiding prosecution of cases which may not really merit criminal prosecution. It is not clear that the procedure is intended to confer rights on a taxpayer. Indications are to the contrary. . . .

United States v. Goldstein, *supra*, at 665. This view of the purpose and intent of Section 601.107(b)(2) of the statement of procedural rules is consistent with the interpretations of other courts construing similar provisions for pre-indictment conferences with taxpayers under criminal or civil tax investigation. See, Cleveland Trust Company v. United States, *supra*, 421 F.2d at 480–481; Luhring v. Glotzbach, *supra*, 304 F.2d at 564–565. Therefore, in contrast to the one-sided wholesale discovery which plaintiffs advocate as within the contemplation of the rule, its purpose and intent would seem better served by an informal, "give-and-take" exchange of information between the government and the taxpayer, with a view to eliminating the necessity for criminal prosecution, if at all possible. It should be noted, although not material to the motion to dismiss here at issue, that plaintiffs' attitude and posture during the conference purporting to satisfy the rule was anything but the cooperative, conciliatory stance necessary to the effective operation of the rule.

■■ Thus, our view of the purpose and intent of the procedural rule relied upon compels the conclusion that the disclosure by IRS officials here sought is discretionary and therefore non-compellable under Title 28, U.S.C. § 1361. In so concluding, we note the distinction between the actual holding of the conference envisioned by Section 601.-107(b)(2) as to which we intimate no view and the extent of government disclosure at that conference once held. As to the latter, we do not believe either the language or the underlying intent of the rule contemplate a fixed measure of discovery, but rather government disclosure on a case by case basis, depending upon the degree of taxpayer cooperation, his interest in and the likelihood of resolving the matter short of criminal prosecution, etc. Whether there be some minimum degree of disclosure consistent with the last clause of the subsection we

likewise need not decide. We hold simply under the circumstances here presented that the specific government disclosures sought by plaintiffs are not ministerial duties owed to taxpayers by the IRS officials and hence such disclosure cannot be compelled by invoking this court's jurisdiction pursuant to Title 28, U.S.C. § 1361. Since this conclusion naturally implies that in refusing the discovery here requested the defendant IRS officials are not acting in excess of their authority or in violation of the constitution, sovereign immunity likewise bars the maintenance of this action against agents of the United States acting in their official capacities. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949).

Accordingly, defendants' motion to dismiss plaintiffs' amended complaint is granted. As noted above, the entry of an order granting dismissal will automatically terminate the temporary restraining order entered by the court on December 29, 1972, and extended by order of this court on January 4, 1973. An appropriate order may be submitted.