**VALLEY FORGE FLAG COMPANY, INC., a New York corporation, Appellant,**

v.

**Thomas S. KLEPPE, Administrator Small Business Administration.**

**No. 73–1801.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1974.

Decided Oct. 17, 1974.

Nicholas E. Allen, Washington, D. C., with whom Jerome Handler, New York City and Philip F. Herrick, Washington, D. C., were on the brief for appellant.

Steven R. Schaars, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Thomas G. Corcoran, Jr., Asst. U. S. Attys., were on the brief for appellee. Earl J. Silbert, U. S. Atty., also entered an appearance for appellee.

Before EDWARDS,* United States Circuit Judge for the Sixth Circuit, and TAMM and WILKEY, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered by a District Judge in the United States District Court for the District of Columbia granting summary judgment for defendant-appellee Kleppe, the administrator of the Small Business Administration. Plaintiff-appellant Valley Forge Flag Company, Inc., had sought injunctive relief against the SBA's entering into a supply contract with the Watts Flag Company, a "disadvantaged" employer. The complaint also sought declaratory judgment.

The District Judge's Order recited the facts and her holding as follows:

This case is before the Court on plaintiff's motion for preliminary injunction and defendant's motion to dismiss.

In December 1972, the Veterans Administration issued a solicitation for interment flags under the small business set-aside program. Watts Manufacturing Corporation ("Watts"), which is owned by disadvantaged persons, submitted the lowest bid. Plaintiff, which submitted the second lowest bid, has moved to enjoin defendant from issuing to the Veterans Administration a Certificate of Competency with respect to Watts. However, the defendant no longer intends to issue such a certificate since the Veterans Administration has cancelled the solicitation. Counsel for defendant has represented to the Court that defendant has no present intention this fiscal year of negotiating further flag contracts under the 8(a) program, involving business owners who are disadvantaged persons. Counsel for defendant has further represented that if and when bids are resolicited pursuant to new specifications, they will be done so *on a competitive basis* among small businesses, including plaintiff.

The SBA Administrator's actions in soliciting bids among all small businesses and in cancelling the solicitation were conducted within the scope of his authority. Plaintiff is thus barred from seeking an injunction against the Administrator. 15 U.S.C. § 634(b)(1). In addition, plaintiff has not shown it has standing to ask that disadvantaged small businesses receiving § 8(a) benefits be precluded from the small business set-aside program and be denied certificates of competency. Finally, plaintiff has not met its burden of showing that a preliminary injunction should issue under the Virginia Petroleum Jobbers Association test, 104 U.S.App.D.C. 106, 259 F.2d 921 (1958). For the foregoing reasons, it is by the Court, this 30th day of March 1973,

ORDERED that plaintiff's motion for preliminary injunction should be and the same hereby is denied; and it is

FURTHER ORDERED that defendant's motion to dismiss should be and the same hereby is granted.

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

The statute in question squarely authorizes the Small Business Administration to assist small business concerns through private placement of contracts and issuance of certificates of competency. See 15 U.S.C. § 637(a)(1) and (2), § 637(b)(7) (1970). By regulation the advantages of this Act have been extended to small business concerns owned by disadvantaged persons:

(b) *Purpose.* It is the policy of SBA to use such authority to assist small concerns owned by disadvantaged persons to become self-sufficient, viable businesses capable of competing effectively in the marketplace.

(c) *Eligibility.* To be eligible for an 8(a) subcontract, a concern must be owned or destined to be owned by socially or economically disadvantaged persons. . . . The existence of control is a question of fact for administrative determination under the circumstances of each case. Divestiture of at least 51 percent of the stock will create a rebuttable presumption of divestiture of control.

13 C.F.R. § 124.8–1(b), (c) (1973).

The statute and regulation cited above have been upheld by the Fifth Circuit in a careful opinion by Judge Wisdom, with which we agree. Ray Baillie Trash Hauling, Inc. v. Kleppe, 477 F.2d 696 (5th Cir. 1973), cert. denied, 415 U.S. 914, 94 S.Ct. 1410, 39 L.Ed.2d 468 (1974).

Further, a section of the Small Business Act prohibits injunctive relief against "the Administrator or his property":

(b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this Act [§§ 631 and notes–637, 638, 639, 640–647 of this title] the Administrator may—

(1) sue and be sued . . . in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; *but no . . . injunction, . . . or other similar process . . . , shall be issued against the Administrator or his property;*

15 U.S.C. § 634(b)(1) (1970) (Emphasis added).

Since we believe the actions of the Administrator complained about here were clearly within the scope of his authority, the District Judge was right in denying injunctive relief.

Further, we believe that neither paragraph six nor any other paragraph of the complaint contains well-pleaded facts which present a justiciable issue for declaratory judgment. Plaintiff-appellant makes no claim that either the statute or the regulation are unconstitutional. While plaintiff's company may have received less business from the government than it desires, we find no basis for judicial intervention in the policy decisions concerning small business assistance upon which Congress and the agency have determined. Berman v. Parker, 348 U.S. 26, 35–36, 75 S.Ct. 98, 99 L.Ed. 27 (1954); Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 138–139, 59 S.Ct. 366, 83 L.Ed. 543 (1939).

For these reasons we affirm the denial of injunctive relief and the dismissal of plaintiff-appellant's complaint.

The judgment of the District Court is affirmed.

WILKEY, Circuit Judge, concurs in the result.