Leong T. **MAR** and **Thick Gon Mar,**
**Plaintiffs-Appellants,**

v.

Thomas **KLEPPE, Administrator of the**
**Small Business Administration,**
**Defendant-Appellee.**

No. 74–1630.

United States Court of Appeals,
Tenth Circuit.

July 16, 1975.

Gerald Sawatzky, Wichita, Kan. (Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., of counsel and on the brief), for plaintiffs-appellants.

Steven K. Lester, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., and W. Irving Shaw, Asst. U. S. Atty., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Mar and others here brought an action in the United States District Court for the District of Kansas against Kleppe as Administrator of the Small Business Administration. It is alleged that jurisdiction arose under 15 U.S.C. § 634. The action sought release of plaintiffs from liability flowing from personal endorsements (guarantees) of a certain lease; or, in the alternative, requested that the court decree the release and award damages in the sum of $19,000 for the breach of the alleged agreement to release, together with $15,000 for services allegedly rendered in connection with obtaining a new tenant.

In August 1968, Readco, Inc. had given a 15 year lease on a Chinese restaurant which was to be constructed by Readco. This lease was given to Tiki Ti, Inc. as lessee at a rental of $800 per month, subject to escalation for construction costs. The Mars, plus Charles W. Sanders, president of Tiki Ti, signed personal endorsements of the lease. There-after, on January 22, 1969, the Small Business Administration issued the Lease Guarantee Insurance Policy, which guaranteed payments of rentals under the lease for 180 months. This insurance policy was assigned to a bank as collateral for a construction loan.

Tiki Ti defaulted. The Small Business Administration then began making the rental payments under the insurance policy. In November 1970, Readco assigned its rights as lessor to Glory Investments, Inc., a company formed by plaintiffs' attorney. The bank and SBA consented to this.

SBA sought new tenants, which it had a right to do under the policy. The allegation of plaintiffs is that SBA made an oral agreement with them that if they would find a suitable tenant, SBA would release any claim it might have against plaintiffs on account of their personal endorsement of the lease. Plaintiffs did find a tenant, one Henry Gee, who was satisfactory to the SBA and who agreed to take over the restaurant. The plaintiffs' attorney thereupon drafted a release of liability which was signed by plaintiffs and Martin on behalf of Glory. When SBA refused to sign this release, the present suit was instituted.

The pretrial order stipulated to subject matter and to the court's personal jurisdiction. Plaintiffs demanded a jury trial and the trial court requested briefs. In defendant's brief it was contended that the court had no jurisdiction. Apparently the court agreed with the defendant that it lacked jurisdiction, for it granted the motion for summary judgment or dismissal.

The issues which are posed to us on this appeal are, first, whether the court had jurisdiction over the claim for injunctive or declaratory relief and, secondly, whether the court had jurisdiction to award damages.

I.

Did the court have jurisdiction to deal with the suit for injunctive or declaratory relief?

▮ The plaintiffs' complaint prayed that an order be issued directing defendant to execute a release freeing them from liability for personal endorsements. We must construe this as, in effect, an action seeking a mandatory injunction. The statute conferring jurisdiction, 15 U.S.C. § 634(b), also limits it. That section provides:

> (b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—
>
> > (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, *injunction*, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property;

(Emphasis added.)

As we read the statute it consents to a suit against the Administrator, but also contains a proviso that an injunction together with other writs cannot issue. The decisions have uniformly considered that this statute effectively precludes injunctive relief against the Administrator. *Valley Forge Flag Co. v. Kleppe,* 506 F.2d 243 (D.C.Cir. 1974); *Romeo v. United States,* 462 F.2d 1036 (5th Cir. 1972), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973); *Vincent v. SBA,* 402 F.2d 769 (4th Cir. 1968); *United States v. Mel's Lockers Inc.,* 346 F.2d 168 (10th Cir. 1965); *Peoples Brewing Co. v. Kleppe,* 360 F.Supp. 729 (E.D.Wis. 1973); *Analytical Systems Corp. v. SBA,* 346 F.Supp. 1149 (D.Mass.1972); *von Lusch v. Hoffmaster,* 253 F.Supp. 633 (D.Md.1966).

But see, *Dubrow v. SBA,* 345 F.Supp. 4 (C.D.Cal.1972) and *Simpkins v. Davidson,* 302 F.Supp. 456 (S.D.N.Y.1969), suggesting that injunctive relief may be obtained if the Administrator exceeds his authority.

▮ The likelihood is that the statute excepts the injunction because of the threat of impeding or interfering with the administrative process. It does not, however, preclude an action for damages or one seeking a declaratory judgment. The plaintiffs-appellants' complaint did not expressly articulate a "declaratory judgment" but from a reading of it as a whole it is to be construed as a request for injunctive or declaratory relief. They asserted vigorously in their "Brief in Support of Motion to Reconsider and Alter Judgment" their request for declaratory relief, but the trial court denied the motion to reconsider for reasons given in connection with the motion to dismiss. This order does not expressly consider the question we now deal with, namely, whether declaratory relief is available.

It is also to be noted that the statute quoted above does not except declaratory relief in consenting to the Administrator's being sued.[1] But defendant argues that plaintiffs have failed to state an adequate claim seeking declaratory relief. They say that the facts do not show an actual controversy between the parties. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941) and *Ohio Casualty Ins. Co. v. Marr,* 98 F.2d 973 (10th Cir.), *cert. denied,* 305 U.S. 652, 59 S.Ct. 245, 83 L.Ed. 422 (1938). These cases deal, not with jurisdiction, but with the question whether the plaintiff has stated a claim. Defendant also cites *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). There O'Shea brought a suit seeking an injunction and alleging a continuing practice of illegal and discriminatory acts. It was held that the plaintiffs had failed to allege a case or controversy. What defendant really seeks is a finding or de-

---

1. *See, e. g., Southern Christian Leadership Conf., Inc. v. Connolly,* 331 F.Supp. 940 (E.D. Mich.1971); *Pottharst v. SBA,* 329 F.Supp. 1142 (E.D.La.1971); *American Electric Co. v. United States,* 270 F.Supp. 689 (D.Haw.1967).

termination from us that plaintiffs are not entitled to declaratory relief. This we must refuse. The plaintiffs-appellants are entitled to be given full opportunity to state a claim, and a right to amend should also be extended, if necessary. We are not called on to determine the adequacy of the allegations in the complaint. If the facts exist and they are not pleaded, an opportunity should be extended to the plaintiffs to plead them so that the case can be determined on its merits.

## II.

Plaintiffs have also set forth a claim for damages in the sum of $19,000 for breach of the alleged agreement to grant a release and $15,000 on a quantum meruit basis for services performed in obtaining a replacement tenant. The trial court held that the claims asserted were in excess of $10,000 and that the district courts have jurisdiction only for those that are less than $10,000. *See* 28 U.S.C. § 1346 and § 1491 which differentiate between district court and Court of Claims jurisdiction.

A further argument of the Administrator is that the action is in truth one against the Small Business Administration (not him); that agency is a part of the United States and thus enjoys full sovereign immunity; and, further, that consent has not been given for suits on contract for amounts in excess of $10,000 except in the Court of Claims.

■ We hold, however, that the Administrator can be sued in this action. There has been a consent to sue the Administrator in the statute. *Federal Housing Administration v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940) held that a statute authorizing suit against the Administrator also authorized suit against the administration and the fact that the named party was the administration rather than the Administrator was of no consequence. *See also Seven Oaks v. Federal Housing Administration,* 171 F.2d 947 (4th Cir. 1948); *Shaw v. United States,* 151 F.2d 967 (6th Cir. 1945). Since the Administrator here was sued in his official ca-

pacity, it is unimportant that the SBA as such was not named as a defendant.

■ Defendant insists that since the SBA has only consented to be sued in the Court of Claims, it cannot be sued in district court but, as we have already noted, § 634 contains an express consent to suit. The case relied on, *United States v. Mel's Lockers, Inc.,* 346 F.2d 168 (10th Cir. 1965), is not germane to the issue we are considering. It held that the Small Business Act had not waived immunity with respect to injunctions. Neither do *Dugan v. Rank,* 372 U.S. 609 (1963), *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), and *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) help in the face of an express statutory consent.

*Romeo v. United States,* 462 F.2d 1036 (5th Cir. 1972), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973), *Pottharst v. Small Business Administration,* 329 F.Supp. 1142 (E.D.La.1971), and *Simpkins v. Davidson,* 302 F.Supp. 456 (S.D.N.Y.1969) specifically uphold jurisdiction under § 634, *supra,* over claims for money damages against the SBA. We have considered cases involving suits for damages against the Secretary of Housing and Urban Development, which suits arise under 12 U.S.C. § 1702. *Merge v. Sharott,* 341 F.2d 989 (3d Cir. 1965); *George H. Evans & Co. v. United States,* 169 F.2d 500 (3d Cir. 1948); *Ferguson v. Union National Bank,* 126 F.2d 753 (4th Cir. 1942); *City of Philadelphia v. Page,* 363 F.Supp. 148 (E.D.Pa.1973); *Travelers Indemnity Co. v. First National State Bank,* 328 F.Supp. 208 (D.N.J. 1971); *James T. Barnes & Co. v. Romney,* 334 F.Supp. 657 (E.D.Mich.1971); *Hellerman v. Romney,* 59 F.R.D. 558 (E.D.Wis.1973). *See also, Garden Homes, Inc. v. Mason,* 249 F.2d 71 (1st Cir. 1957), *cert. denied,* 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958). The court in *Ferguson, supra,* reasoned as follows:

It is specifically provided that the Administrator in his official capacity may "sue and be sued in any court of competent jurisdiction, State or Federal".

. . . It could hardly have been intended by Congress that suits for over $10,000 against the Administrator could be brought in any state court of general jurisdiction, but in the federal jurisdiction only in the Court of Claims; and as we read recent decisions of the Supreme Court the jurisdiction of a United States District Court to entertain a suit against governmental agencies and corporations is not limited by the provisions of the Tucker Act . . . .

126 F.2d 753 at 756–7.

It cannot be seriously argued that claims for money damages against the SBA must be brought in the Court of Claims when the amounts in controversy exceed $10,000. Thus, under § 634 jurisdiction is given to sue the Administrator regardless of the amount involved.

The judgment of the district court is reversed and the cause remanded for further proceedings consistent with the views expressed herein.